## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Chandar Ratnam et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | **Civil Action No. 1:06-cv-00372-JR** |
| ) | |
| **v.** ) | |
| ) | |
| **Blimpie Assoc. Ltd., et al.** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANT H STREET COMMUNITY DEVELOPMENT CORPORATION'S
## MOTION TO REMAND

Defendant H Street Community Development Corporation ("H Street"), by and through its undersigned counsel, hereby moves to remand this case to the Superior Court of the District of Columbia on the grounds that

(1) Defendant H Street does not consent to removal of this case;

(2) Defendants Blimpie Associates Ltd., 2001 B.A. Realty, Inc., and D.C.B.G. (collectively "Removing Defendants") failed to seek and obtain consent from Defendant H Street to remove this action to the United States District Court for the District of Columbia. As such, not all defendants timely joined in the Removing Defendants' removal of this action;

(3) this case is dominated by issues of state law and should be decided by the Superior Court for the District of Columbia; and

(4) this is a landlord tenant dispute that should be heard in the Superior Court for the District of Columbia.

The grounds for this motion are more fully discussed in the attached Memorandum of Points and Authorities.

In accordance with Local Rule 7(m), the undersigned counsel states that he attempted to

obtain Defendants' consent to this motion but was not successful in obtaining such consent.

Dated:  March 21, 2006                           Respectfully submitted,

                                                 HOLLAND & KNIGHT LLP

                                                 By:  _____
                                                       Paul J. Kiernan,  D.C. Bar No. 385627
                                                       2099 Pennsylvania Avenue, N.W.
                                                       Suite 100
                                                       Washington, D.C. 20006
                                                       Phone: (202) 955-3000
                                                       Facsimile: (202) 955-5564

                                                       *Counsel for H Street Community
                                                        Development Corporation*

**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **Chandar Ratnam et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No. 1:06-cv-00372-JR** |
| **v.** ) | |
| ) | |
| **Blimpie Assoc. Ltd., et al.** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

**STATEMENT OF FACTS**

On December 22, 2005, H Street filed two complaints for possession in the Landlord and Tenant Branch of the Superior Court for the District of Columbia in connection to property located at 777 H Street, N.E., Washington, D.C. 20002 (the "Property") wherein the tenant and subtenant failed to perform the terms of the lease agreement. Defendant H Street leased the Property to 2001 B.A. Realty, Inc. who in turn subleased the Property to Chans Foods, Inc. Chandar Ratnam and Asha Chandar (plaintiffs in this action) served as guarantors to the initial lease between H Street and 2001 B.A. Realty.

On January 19, 2006, the Court, in H Street v. 2001 B.A. Realty, Inc., L&T No. 045524-05, the complaint attached hereto as Exhibit A, entered a default judgment of possession against 2001 B.A. Realty for its failure to appear at the initial hearing. The case is still pending before the Landlord-Tenant Division of the Superior Court on the remaining issues.

On January 18, 2006, Chans Foods – the defendant in H Street v. Chans Foods, Inc., L&T No. 045523-05, the complaint attached hereto as Exhibit B, Chans Foods filed Defendants'

Answer to Complaint for Possession of Real Estate ("Chans Foods' Answer") containing six affirmative defenses  as well as three counterclaims for setoff or recoupment against H Street. See Chans Foods' Answer attached hereto as Exhibit C.  Chans Foods also filed a Motion to Dismiss the complaint, which is attached hereto as Exhibit D.

In further response to H Street's complaint for possession, Chans Foods along with the guarantors of the original lease filed a complaint in the Civil Division of the Superior Court for the District of Columbia raising, *inter alia*, a violation of the D.C. Consumer Protection Act, breach of contract, negligent misrepresentation, and common law fraud. See Notice of Removal at ¶¶ 14-17.  On February 27, 2006, H Street and Chans Foods filed a Stipulation of Possession and Joint Motion to Transfer Case to the Civil Division of Superior Court, which was granted.

On March 2, 2006, the Removing Defendants – without notice to H Street or its consent – filed a Notice of Removal with this Court seeking to divest the Superior Court of the District of Columbia of jurisdiction over this suit.  The Removing Defendants based their removal on diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Notice of Removal did not contain the written consent of Defendant H Street who was never served with the original complaint[1] or with the Notice of Removal.[2]

## ARGUMENT

**A.    This Case Should Be Remanded Because Not All Defendants Timely Joined in the Request for Removal.**

The federal removal statute, 28 U.S.C. § 1446, requires that a "defendant or defendants" file a notice of removal "within thirty days after receipt by the defendant…of a copy of the initial

---

[1] Defendant H Street was never served with the Complaint but received a courtesy copy of the Complaint from Plaintiffs.
[2] Notwithstanding the Removing Defendants' Certification of Compliance with 28 U.S.C. § 1446(d) certifying that "they provided written notice of the filing of their Notice of Removal to counsel for all parties to this action," Defendant H Street was never served with the Notice of Removal or the Notice of Filing of the Notice of Removal.

pleading." 28 U.S.C. §§ 1446 (a) and (b). This language requires each defendant to express "unambiguous and independent" consent to the removal. Williams v. Howard University, 984 F. Supp. 27, 29 (D.D.C. 1997). "Unless all defendants express such consent to removal in a timely manner, the removal procedure is defective." Id. (emphasis added). This Court is obligated to give removal statutes such as 28 U.S.C. § 1446 a strict construction. Id. (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-109 (1941)). See also Unicom Sys., Inc. v. National Louis Univ., 262 F. Supp. 2d 638, 640 (E.D. Va. 2003) (collecting cases discussing requirement for unanimous timely consent to removal by all defendants).

Defendant H Street has not filed a notice of removal or otherwise expressed its consent to the notice filed by the Removing Defendants within the 30 days following its receipt of the Complaint on January 31, 2006. It cannot now timely consent to the removal, even if it did consent, which it does not.

Because the Removing Defendants failed to obtain unanimous consent for their removal petition from each of the defendants in this matter and therefore is not in compliance with 28 U.S.C. § 1446, this Court should remand this case to the Superior Court of the District of Columbia. See Williams, 984 F. Supp. at 30 (ordering remand when unanimous consent to removal was not obtained).

**B.    Because this Case Is Dominated By Issues Of Local Law, the Court Should Abstain.**

Even if the Removing Defendants had complied with the strict requirements of the removal statute, this case would still be properly remanded because it is predominated by issues of local law and policy that should be decided by the Superior Court of the District of Columbia. Plaintiffs allege, *inter alia*, a violation of the D.C. Consumer Protection Act, breach of contract, negligent misrepresentation, and common law fraud. See Notice of Removal at ¶¶ 14-17.

First, when, as here, there exists a state or local regulatory scheme concerning important matters of state or local policy and adequate judicial review is available at the state level, federal courts have consistently declined jurisdiction under the <u>Burford</u> abstention doctrine.  <u>See</u> <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315 (1945).  This case is one based on the District of Columbia Consumer Protection Act and breach of contract law.  The Plaintiffs challenge aspects of District of Columbia law and raise issues of local concern.  Accordingly, this Court should avoid leaving an "indelible print" on local matters and should remand this case back to the Superior Court of the District of Columbia where it belongs.  <u>See</u> <u>Dano Resource Recovery, Inc. v. District of Columbia</u>, Civ. A. No. 91-571 SSH, 1992 W.L. 165977 at *2 (D.D.C. Jun. 30, 1992) (finding abstention under <u>Burford</u> is appropriate where the claim presents questions of local policy and local concern).

In addition to the applicability of the <u>Burford</u> doctrine, the <u>Colorado River</u> doctrine warrants this Court's abstention of jurisdiction over this case.   <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 813-819 (1976).  Under the <u>Colorado River</u> doctrine, a court can abstain from exercising its jurisdiction if "wise judicial administration" requires the action to proceed in the local forum.  <u>Id.</u> at 817.  To make this assessment, this Court consider a number of factors, including:  "the inconvenience of the federal forum, the order in which the courts assumed jurisdiction, the desirability of avoiding piecemeal litigation, whether federal or state law controls and whether the state forum will adequately protect the interests of the parties."  <u>Handy v. Shaw, Bransford, Veilleus & Roth</u>, 325 F.3d 346, 353 (D.C. Cir. 2003) (remanding to District Court to assess the <u>Colorado River</u> factors).

Here, while the federal forum is not inconvenient, all other factors favor a remand to the Superior Court of the District of Columbia.   There is another case pending in the Superior Court

4

involving the same parties and similar issues of law and fact. Consumer protection and contractual issues are governed by local law, and the interests of the parties will be adequately protected by the Superior Court. Having these cases pending in diverse forums with the possibility of disparate rulings of law would lead to inefficient judicial administration. See also JMM Corp. v. District of Columbia, 378 F.3d 1117 (D.C. Cir. 2004) (*Younger* abstention appropriate in light of pending administrative and judicial proceedings in Superior Court and before District agencies).

### C.   Landlord-Tenant Disputes are Properly Decided in the Superior Court for the District of Columbia.

At bottom, this matter involves a landlord-tenant possession dispute. The issues involved in this case arise from a Lease Agreement between H Street and 2001 B.A. Realty, Inc., for space which was subleased to Chans Foods, Inc. and guaranteed by Chandar Ratnam and Asha Chandar. Plaintiffs argue that the Defendants failed to give pertinent information regarding zoning of the Property, which caused them injury. Plaintiffs' complaint was in response to Defendant H Street's filing of the Complaint for Possession in the Landlord-Tenant Branch of the Superior Court for the District of Columbia seeking possession of the Property at issue. That initial action for possession, which is still pending, could have never found its way into federal court. Nor could Defendant H Street's Complaint for Possession against Defendant 2001 B.A. Realty, which is still pending in the Landlord-Tenant Branch. The Superior Court for the District of Columbia has exclusive jurisdiction over possession actions. See D.C. Code § 11-921(a)(3) (A)(I) (Superior Court has jurisdiction over ejectment actions). As the Court wrote in Coll v. Coll, 690 F. Supp. 1085, 1089 (D.D.C. 1998), "in the District of Columbia, actions involving partition and other property-related matters are considered actions of a purely local nature and are to remain under the jurisdiction of the Superior Court of the District of

Columbia." Although the <u>Coll</u> Court found abstention based on the domestic relation exception, it noted an additional fact that the underlying dispute involved real property issues which were local in nature. The same logic applies with equal force to the purely local question of possession of real estate. The United Stated District Court for the District of Columbia is not the appropriate venue for landlord-tenant disputes.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff H Street Community Development Corporation requests this Court to remand the action to the Superior Court of the District of Columbia.

Dated: March 21, 2006                           Respectfully submitted,

                                                HOLLAND & KNIGHT LLP

                                                By: _____
                                                    Paul J. Kiernan,  D.C. Bar No. 385627
                                                    2099 Pennsylvania Avenue, N.W.
                                                    Suite 100
                                                    Washington, D.C. 20006
                                                    Phone: (202) 955-3000
                                                    Facsimile: (202) 955-5564

                                                *Counsel for H Street Community*
                                                *Development Corporation*