# EXHIBIT C

# Superior Court of the District of Columbia

### LANDLORD TENANT BRANCH

| | |
|---|---|
| H STREET COMMUNITY DEVELOPMENT CORPORATION,<br>        Plaintiff<br><br>v.<br><br>CHANS FOODS, INC.,<br>        Defendant | Action No. 045523 05 |

## DEFENDANT'S ANSWER TO COMPLAINT FOR POSSESSION OF REAL ESTATE

The Defendant, Chans Foods, Inc., and not "Chan Food" as indicated in Plaintiff's Complaint (hereinafter, "Defendant"), by and through counsel, for its Answer to the Complaint for Possession of Real Estate by the Plaintiff, H Street Community Development Corporation (hereinafter, "Plaintiff"), states as follows:

1. The Defendant denies the allegations of paragraph 1.

2. The Defendant denies the allegations of paragraph 2 as Plaintiff has already vacated the property.

3. The Defendant admits the allegations of paragraph 3 that it has failed to keep the business open and operational.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### DISMISSAL BASED ON DEFECT IN PLEADING

4. Plaintiff failed to attach a "notice of quit" to the copy of the Complaint served on the Defendant, which copy Plaintiff indicated on the Complaint form was attached.

## LACK OF CONTRACTUAL PRIVITY

5. The Plaintiff's claim is barred because Plaintiff lacks contractual privity with the Defendant. Plaintiff executed a Lease Agreement with 2001 B.A. Realty, Inc. (hereinafter, "Realty"), which then executed a Sublease with Defendant. Realty is not a party to this action. Any claim for rent must fail on the ground that Defendant is not a party to any Lease with the Plaintiff.

## ABSENCE OF A NECESSARY PARTY

6. Realty is a necessary and proper party, because it executed the original Lease Agreement with the Plaintiff. Realty then executed a Sublease Agreement with the Defendant. Plaintiff's notice of eviction, dated October 28, 2005, was addressed to both the Defendant and to Realty.

## LACK OF SUBJECT MATTER JURISDICTION OF THIS COURT

7. This Court lacks subject matter jurisdiction because there is no issue of possession. Defendant had vacated or ceased using the property in August, 2005, when it ceased paying rent and ceased business operations. Nonetheless, in response to an eviction notice by the Plaintiff, dated October 28, 2005, Defendant communicated through its counsel to the Plaintiff and to Realty its intent to cease business operations permanently, and Defendant delivered the premises on November 30, 2005, providing written notice on December 1, 2005, to the Plaintiff that the Defendant had surrendered possession under its sublease with Realty, while delivering the keys to the Plaintiff.

8. Plaintiff's Complaint for Possession is improper because Defendant already gave up possession before this Complaint was filed. When a claim for possession fails, then this court has no authority to entertain and impose any type of relief.

## EQUITABLE ESTOPPEL

9. The Plaintiff's claim is barred on the basis of equitable estoppel. Plaintiff has unclean hands because: Plaintiff executed a lease for the establishment of a fast food restaurant in an area not zoned for fast food; Plaintiff concealed from the Defendant the fact of local opposition from the Advisory Neighborhood Council; Plaintiff failed to assist Defendant as Plaintiff represented that it would before the District of Columbia's Board of Zoning and Appeals; Plaintiff breached its covenant of good faith and fair dealing as against the Defendant; and Plaintiff created lease terms which were unreasonable and which cannot be legally performed.

## IMPOSSIBILITY OF PERFORMANCE

10. Plaintiff has a Lease with the Tenant, Realty, which subleased the premises to the Defendant. Defendant's Sublease with Realty is void on the grounds of impossibility of performance. By order of the Board of Zoning Appeals, the District of Columbia's Department of Consumer and Regulatory Affairs revoked Defendant's fast food license and ordered Defendant to cease operations of the business because the premises was not zoned for fast food operations.

## BREACH OF THE COVENANT OF
## GOOD FAITH AND FAIR DEALING AGAINST PLAINTIFF

11. Plaintiff breached its express contractual duties and the implied covenant of good faith and fair dealing to Defendant by approving a Sublease between its tenant, Realty, and the Defendant, which included the continuation of terms of a Lease which the Plaintiff knew or should have known violated the law. Plaintiff also breached Defendant's reasonable expectations of Plaintiff's performance, support, and assistance as a landlord to defend the use of the premises for the purposes for which it was leased by the Landlord.

# DEFENDANT'S COUNTERCLAIMS FOR

# SETOFF OR RECOUPMENT

Comes now the Defendant, through counsel, and counterclaims against Plaintiff as follows:

12. Defendant is a District of Columbia corporation. Defendant is a franchisee of the Blimpie franchise system and signed, on April 28, 2004, a Franchise Agreement (the "Franchise Agreement") with Blimpie Associates, Ltd., and, on April 28, 2004, a Sublease (the "Sublease") with 2001 B.A. Realty, Inc.

13. Plaintiff is, upon information and belief, a District of Columbia corporation.

14. 2001 B.A. Realty, Inc. (hereinafter, "Realty") is, upon information and belief a New York corporation with its principal place of business at 7 Penn Plaza, New York, New York 10001.

15. Jurisdiction of this court is founded on D.C. Code Sec. 11-921, 1973 edition, as amended. Counterclaims for a money judgment based on rent or expenditures claimed as credits against rent, or for equitable defenses of setoff and recoupment, are permitted under the Superior Court Rules – Landlord and Tenant 5 (b).

## COUNT ONE - COMMON LAW FRAUD AGAINST PLAINTIFF

16. Defendant realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

17. Plaintiff made such statements and material omissions knowing them to be false and intending that Defendant rely upon them in deciding to enter into its Sublease and franchise

agreement with Realty and to invest hundreds of thousands of dollars in a franchise and improvements to the premises under the Sublease.

18. Plaintiff made false and material misrepresentations and omissions of fact to the Defendant, as set forth above. Defendant reasonably relied upon the false representations and material omissions of Plaintiff in making the decision to enter into a franchise and invest in a Blimpie franchise and lease improvements as described more fully above.

19. As a result of the Defendant's reliance upon the false representations of Plaintiff, Defendant has lost over Three Hundred Sixty Thousand Dollars ($360,000) that it has invested to build-out the Leased Premises for use as a fast food restaurant, as well as One Hundred Eighteen Five Hundred Fifty-Nine and 93/100 U.S. Dollars ($118,559.93), incurred as paid rent, common area maintenance ("CAM") charges, property taxes, and lease deposit.

20. Defendant is entitled to rescind its Sublease Agreement with Realty, to rescind any obligations owing to the Landlord by the Defendant under the Lease between Plaintiff and Realty, and to recover from Plaintiff rescission damages, consisting of the total of the amount invested in the franchise, the total lost as a result of operation of the franchise, the amount invested in mitigating damages, less the consideration received from Plaintiff and any other benefits received from the improvements of the premises, as well as the salvage value of the equipment and assets left in the premises, plus interest. Defendant also incurred other damages, the precise amount which cannot now be determined.

**COUNT TWO - NEGLIGENT MISREPRESENTATION AGAINST PLAINTIFF**

21. Defendant realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

22. Plaintiff had a duty to use reasonable care in making representations and statements to prospective and new tenants and subtenants and to take reasonable care to ensure that such statements and representations were not false or misleading.

23. Plaintiff breached its duty of care to Defendant by making false and misleading representations and material omissions as set forth above.

24. Defendant reasonably relied upon the false representations and material omissions of Plaintiff in deciding to enter into its Sublease and to invest in the Blimpie franchise and improvements to the premises.

25. Defendant is entitled to rescind its Sublease Agreement with Realty and any obligations owing to the Landlord under the Lease between Plaintiff and Realty, and to recover from Plaintiff rescission damages, consisting of the total of the amount invested in the franchise, the total lost as a result of operation of the franchise, the amount invested in mitigating damages, less the consideration received from Plaintiff and any other benefits received from the improvements of the premises, as well as the salvage value of the equipment and assets left in the premises, plus interest.

## COUNT THREE - UNJUST ENRICHMENT AGAINST PLAINTIFF

26. Defendant realleges and incorporates by reference all of the allegations set forth in the preceding paragraphs as though fully set forth herein.

27. Plaintiff has been unjustly enriched at Defendant's expense by taking the actions described above to induce Defendant to agree to execute the Sublease, and then collecting rent payments and enjoying the benefits of an improved premises.

28. Plaintiff's acquisition of these amounts constitutes unjust enrichment, and the Defendant is entitled to recover from Plaintiff the amounts by which they have been unjustly enriched.

**WHEREFORE**, the Defendant demands judgment against the Plaintiff:

A. Awarding damages, by way of recoupment and setoff, for sums invested in the franchise and improvement of the premises and for sum paid in rents, common area maintenance, property taxes, and lease deposit, less consideration received and the salvage value of the equipment and assets left behind;

B. Awarding attorneys' fees and costs, interest, such other and further relief as this Court deems just and proper.

Respectfully Submitted,
**CHANS FOODS, INC.**

By Counsel for Defendant

_____
Joseph P. Horn, D.C. Bar No. 418448

_____
Andrew C. Bisulca, D.C. Bar No. 938969
LAW OFFICE OF ANDREW C. BISULCA, P.C.
7880 Backlick Road, Suite 8
Springfield, Virginia 22206
703 644 3536 Voice;  703 644 3537 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was faxed and mailed ~~by certified mail, return receipt requested,~~ on January 18, 2006, to the Plaintiff at:

Holland & Knight
2099 Pennsylvania Avenue
Washington, D.C. 20006
Voice 202 955 3000
Fax 202 555 5564

_____
Joseph Horn, Attorney for Defendant