# EXHIBIT D

# Superior Court of the District of Columbia

## LANDLORD TENANT BRANCH

| | |
|---|---|
| H STREET COMMUNITY DEVELOPMENT CORPORATION,<br>　　　　Plaintiff<br><br>v.<br><br>CHANS FOODS, INC.,<br>　　　　Defendant | Action No. 045523 05 |

## MOTION TO DISMISS

The Defendant, Chans Foods, Inc. (hereinafter, "Defendant"), by and through counsel, for its Motion to Dismiss to the Complaint for Possession of Real Estate by the Plaintiff, states, as follows:

### PARTIES

1.　　Defendant is a District of Columbia corporation. Defendant is a franchisee of the Blimpie franchise system, which signed on April 28, 2004, a Franchise Agreement (the "Franchise Agreement") with Blimpie Associates, Ltd. (hereinafter, "Blimpie"), and the April 28, 2004 Sublease (the "Sublease") with 2001 B.A. Realty, Inc. (herainfter, "Realty"),

2.　　H Street Community Development Corporation (hereinafter, "Plaintiff") is, upon information and belief, a District of Columbia corporation.

3.　　Realty is upon information and belief a New York corporation with its principal place of business at 7 Penn Plaza, New York, New York 10001.

## DISMISSAL BASED ON DEFECT IN PLEADING

4.      Plaintiff failed to attach a "notice to quit" to the copy of the Complaint served on the Defendant, which copy Plaintiff indicated on the Complaint form was attached.

## ABSENCE OF A NECESSARY PARTY

5.      Realty is a necessary and proper party, because it executed the original Lease Agreement with the Plaintiff. Realty then executed a Sublease Agreement with the Defendant. Plaintiff's notice of eviction, dated October 28, 2005, was addressed to both the Defendant and to Realty.

## LACK OF SUBJECT MATTER JURISDICTION OF THIS COURT

6.      This Court lacks subject matter jurisdiction over Defendant's claim for possession because there is no issue of possession. Defendant had vacated or ceased using the property in August 2005, when it ceased paying rent and ceased business operations. Nonetheless, in response to an eviction notice by the Plaintiff, dated October 28, 2005, Defendant communicated through its counsel to the Plaintiff and to Realty its intent to cease business operations permanently, and Defendant delivered the premises on November 30, 2005, and provided a written notice on December 1, 2005, to the Plaintiff that the Defendant had surrendered possession under its sublease with Realty, while delivering the keys to the Plaintiff.

7.      Since this is an action only for rent and not possession, this court does not have jurisdiction under this Complaint for Possession. When a claim for possession fails, this court has no authority to entertain or impose any type of relief. Barnes v. Scheve, 633 A. 2d 62 (1993).

## LACK OF CONTRACTUAL PRIVITY

8. The Plaintiff's claim is barred because Plaintiff lacks privity with the Defendant. Plaintiff executed a Lease Agreement with Realty, the tenant, which then executed a Sublease with Defendant. Realty is not a party to this action. Any claim for rent must fail on the ground that Defendant is not a party to any Lease with the Plaintiff.

## IMPOSSIBILITY OF PERFORMANCE

9. Plaintiff cites in its Complaint that its reason for eviction is that Defendant "failed to keep the business open and operational according to terms of the lease." Defendant was ordered by the District of Columbia's Department of Consumer and Regulatory Affairs to cease operations of the business because the premises was not zoned for a fast food business. Plaintiff entered into a lease with Realty, of which Defendant is a sublessor, to operate a fast food restaurant in a building that was not zoned for fast food restaurant and concealed this information from the Defendant.

WHEREFORE, Defendant respectfully moves to dismiss this suit, and seeks its costs and attorney's fees.

Respectfully Submitted,
**CHANS FOODS, INC.**

By Counsel for Defendant

_____
Joseph P. Horn, D.C. Bar No. 418448

_____
Andrew C. Bisulca, D.C. Bar No. 938969
LAW OFFICE OF ANDREW C. BISULCA, P.C.
7880 Backlick Road, Suite 8
Springfield, Virginia 22206
703 644 3536 Voice;  703 644 3537 Fax

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was faxed and mailed ~~by certified mail, return receipt requested~~, on January 18, 2006, to the Plaintiff at:

Holland & Knight, LLP
Attention: Roxan A. Kerr
2099 Pennsylvania Avenue
Washington, D.C. 20006
Voice 202 955 3000
Fax 202 555 5564

_____
Joseph Horn, Attorney for Defendant