IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chandar Ratnam et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Blimpie Assoc. Ltd., et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06-cv-00372-JR |

### PLAINTIFFS' MOTION TO REMAND

Plaintiffs Chandar Ratnam, Asha Chandar and Chans Foods, Inc. (collectively "Chans Foods"), by and through its undersigned counsel, hereby moves to remand this case to Superior Court of the District of Columbia on the grounds that (1) this Court lacks diversity jurisdiction over this matter pursuant to 28 U.S.C. 1332; and (2) this matter is not removable pursuant to 28 U.S.C. 1441 because Defendant H Street Community Development Corporation, Inc. is a citizen of the District of Columbia, the State in which Plaintiffs filed the action. The grounds for this motion are more fully discussed in the attached Memorandum of Law in Support of Plaintiffs' Motion to Remand.

In accordance with Local Rule 7(m), the undersigned counsel states that he attempted to obtain Defendants' consent to this motion but was not successful in obtaining such consent.

Dated: <u>March 31, 2006</u>.      By: *Joseph Horn*
                                    Joseph Horn, Esq.
                                    Attorney Bar No. 418448
                                    Horn Legal, PLLC
                                    1730 Rhode Island Avenue,
                                    Suite 1208
                                    Washington, D.C. 20036
                                    202 321 0084
                                    202 835 1557

                                    - and –

                                    Scott Korzenowski, Esq.
                                    William S. Fulton, Jr., Esq.
                                    4000 IDS Center
                                    80 South Eighth Street
                                    Minneapolis, Minnesota 55402
                                    (612) 359-9000

                                    **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing Plaintiff's Motion to Remand was sent by facsimile and first-class mail on March 31, 2006, to:

Arthur Pressman
Christopher J. Wallace
Nixon Peabody LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004-2128

Tarrant H. Lomax, Esq.
Tarrant H. Lomax, Esq., P.C.
4530 Wisconsin Avenue, N.W., Ste. 200
Washington, D.C. 20016

Roxan Kerr, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Ste.100
Washington, D.C. 20006

                                                *Joseph Horn*_____
                                                Joseph Horn, Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chandar Ratnam et al., )<br>)<br>    Plaintiffs, )<br>)<br>    v. )<br>)<br>Blimpie Assoc. Ltd., et al., )<br>)<br>    Defendants. )<br>) | Civil Action No. 1:06-cv-00372-JR |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO REMAND**

Plaintiffs, Chandar Ratnam, Asha Chandar and Chans Foods, Inc. (collectively "Plaintiffs"), by and through its undersigned counsel, hereby sets forth this Memorandum of Law in Support of its Motion to Remand.

**I. Procedural History**

The procedural history of this matter is summarized below by reference to five important dates, as follows:

- December 22, 2005.  Defendant H Street Community Development Corporation, Inc. ("HSCDC") filed complaints for possession of the property located at 777 H Street, N.E., Washington, D.C. 20004 (the "Real Property") in the Landlord Tenant Branch of the Superior Court for the District of Columbia against Plaintiffs and Defendant 2001 B.A. Realty, Inc.

- January 18, 2006.  Plaintiffs filed their Complaint (attached hereto as Exhibit A) in the Superior Court for the District of Columbia against all Defendants, alleging violations of the District of Columbia Consumer Protection Procedures Act (the

4

"DCCPPA"), negligent and fraudulent misrepresentation, breach of contract and the covenant of good faith and fair dealing, and unjust enrichment.

- <u>January 19, 2006.</u>  The Landlord Tenant Branch of the Superior Court for the District of Columbia, entered a default judgment of possession against Defendant 2001 B.A. Realty, Inc. for its failure to appear at the initial hearing. Plaintiffs, however, timely filed both an answer to HSCDC's Complaint for Possession of Real Estate along with a Motion to Dismiss.

- <u>March 2, 2006.</u>  HSCDC and Plaintiffs agreed to file a Stipulation of Possession and Joint Motion to Transfer Case to the Civil Division of Superior Court (attached hereto as Exhibit B), which was granted on this date.  Essentially, HSCDC and Plaintiffs agreed to consolidate HSCDC's landlord tenant action with Plaintiffs claims against all Defendants.  Also on this date, Blimpie Associates, Ltd., 2001 B.A. Realty, Inc., and D.C.B.G., Inc. (the "Removing Defendants") filed a Notice of Removal (the "Notice of Removal") with this Court.

- <u>March 21, 2006.</u>  HSCDC filed a Motion to Remand ("HSCDC's Motion to Remand"), requesting this Court to remand this case to Superior Court.  HSCDC argued that this case should be remanded because:

    1. The Removing Defendants failed to seek and obtain consent from HSCDC prior to removing the case;

    2. HSCDC in fact did not consent to the removal of the case;

    3. The case is dominated by issues of state law and should be decided by the Superior Court for the District of Columbia; and

    4. The dispute involves, *inter alia*, the landlord tenant dispute that should be heard in the Superior Court for the District of Columbia.

**II. <u>Factual History</u>**

5

From Plaintiffs' perspective, this case involves Defendants' sale of a Blimpie franchise that was to be operated at a location that Defendants knew was not zoned for use as a fast food restaurant, a fact that all Defendants omitted telling the Plaintiffs. Thus, this case involves the sale of a franchise that was in violation of the common law and statutes of the jurisdiction in which the franchise was to be operated, i.e., the District of Columbia.

Plaintiffs Chandar Ratnam and Asha Chandar, through their corporation, Chans Foods, Inc., signed the April 28, 2004 Franchise Agreement (the "Franchise Agreement") and the April 28, 2004 Sublease (the "Sublease"), which provided Plaintiffs the right to construct and operate a Blimpie fast food franchise at the Real Property. However, shortly after opening their Blimpie franchise, Plaintiffs learned that the Real Property was not actually zoned for use as a fast food restaurant. On or about June 14, 2005, the responsible District of Columbia zoning agency pulled the Plaintiffs' "Certificate of Occupancy" and the Plaintiffs were required to cease operations.

However, Plaintiffs have learned that Defendants knew, before executing the Franchise Agreement and Sublease, that the Real Property was not zoned for use as a fast food restaurant. See Complaint, ¶¶ 17-22. This information was never provided to Plaintiffs prior to their execution of the Franchise Agreement and Sublease, or prior to Plaintiffs spending hundreds of thousands of dollars building out and opening the fast food restaurant.

**III. Argument**

    **A.** **This Court lacks subject matter jurisdiction over this matter because complete diversity is lacking, and the matter was not subject ot removal.**

6

Federal courts are courts of limited subject matter jurisdiction, and the "law presumes that a cause lies outside this limited jurisdiction." El-Hadad v. U.S., 377 F.Supp.2d 42, 45 (D.D.C. 2005). Subject matter jurisdiction in the federal courts must be based on either the existence of a federal question (28 U.S.C. § 1331), or diversity jurisdiction (28 U.S.C. § 1332). Int'l Union of Bricklayers and Allied Craftworkers v. Insurance Co. of the West, 366 F.Supp.2d 33, 38 (D.D.C. 2005). Here, the Removing Defendants argue that this Court has diversity jurisdiction. See Notice of Removal, ¶ 9. However, complete diversity of the parties is lacking, and therefore this Court lacks subject matter jurisdiction over the matter. In addition, under the federal removal statute, the matter was not subject to removal because one of the Defendants, HSCDC, is a resident of the State where Plaintiffs brought this action.

Federal statute, 28 U.S.C. § 1332, provides the standards by which diversity jurisdiction of the federal courts is to be exercised:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
>
> (1) citizens of different States;
>
> (2) citizens of a State and citizens or subjects of a foreign state;
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
>
> For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

28 U.S.C. § 1332(a).

For purposes of sections 1332 and 1441 (i.e., the federal removal statute), a "corporation shall be deemed to be a citizen of any State by which it has been incorporated, and of the State where it has its principle place of business." 28 U.S.C. § 1332(c). In order for the federal courts to have diversity jurisdiction, complete diversity must exist, i.e., the "citizenship of each plaintiff is diverse from the citizenship of each defendant." <u>Caterpillar Inc. v. Lewis</u>, 519 U.S. 61, 68 (U.S. 1996).

Diversity jurisdiction does not exist in this case; Plaintiffs Chandar Ratnam and Asha Chandar and Defendant DCGB, Inc. are citizens of the State of Virginia. This alone destroys diversity. In addition, Plaintiff Chans Foods, Inc. and HSCDC are both citizens of the District of Columbia. Accordingly, this Court lacks diversity jurisdiction over Plaintiffs' action against Defendants.

Moreover, the federal removal statute, 28 U.S.C. § 1441, provides that in addition to complete diversity, a case can be removed only if no defendant is a resident of the state where the action was brought.

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.</u>

28 U.S.C. § 1441 (b) (emphasis added).

As state above, Defendant HSCDC is a citizen of the District of Columbia, the State in which Plaintiffs brought their action. Therefore, in addition to the lack of complete diversity, this action should not have been removed based upon Section 1441.

### B.  Plaintiffs properly named HSCDC as a Defendant.

The Removing Defendants argue that HSCDC was "fraudulently joined" and therefore should not be considered for purposes of determining diversity jurisdiction. <u>See</u> Notice of Removal, ¶ 10. This is in error. While it is true that Plaintiffs were not in contractual privity with HSCDC, Plaintiffs <u>do</u> properly state a claim against HSCDC under the applicable consumer protection act.

Under the terms of the DCCPPA, it is unlawful for persons to engage in certain unlawful trade practices.

8

> i. Represent that goods or services are a particular standard, quality, grade, style, or model, if in fact they are of another;
>
> ii. Misrepresent as to a material fact, which has a tendency to mislead;
>
> iii. Fail to state a material fact if such failure tends to mislead; and
>
> iv. Represent that the subject of a transaction has been supplied in accordance with a previous representation when it has not.

D.C. Code Ann. § 28-3904(d)-(f), (u).

The definition of "merchant" is very broad under the DCCPPA, and would include HSCDC:

> <u>"Merchant" means a person who does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services,</u> or a person who does or would supply the goods or services which are or would be the subject matter of a trade practice.

D.C. Code Ann. § 28-3901(a)(3).[1]

Accordingly, HSCDC could be liable to the Plaintiffs for violation of the DCCPPA for failing to inform Plaintiffs that Defendants knew that the Real Property was not zoned for use as a fast food restaurant. Complaint, ¶ 56.

Moreover, HSCDC and Plaintiffs filed the February 27, 2006 Stipulation of Possession and Joint Motion to Transfer Case to the Civil Division, by which HSCDC consented to the jurisdiction of the civil division of the District of Columbia Superior Court for the resolution of this dispute. Said in another way, HSCDC itself has admitted

---

[1] The DCCPPA is to "be construed and applied liberally to promote its purpose." D.C. Code Ann. § 28-3901(c).

9

that there is an actual dispute existing between itself and Plaintiffs in regard to this matter, and that the proper court to hear the dispute is the Superior Court.

Removing Defendants, to demonstrate fraudulent joinder, must show that "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the … defendant into state court." In re Tobacco/Governmental Health Care Costs Litigation, 100 F.Supp.2d 31, (D.D.C. 2000). In making this determination, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." Id.

The Removing Defendants have failed to meet the high standard that is required to demonstrate that HSCDC was fraudulently joined, i.e., that "no possibility" exists that Plaintiffs can establish a cause of action against HSCDC. Accordingly, HSCDC's citizenship must be considered when determining both diversity jurisdiction under Section 1332, and removability under Section 1441. Because HSCDC is a citizen of the same State as Plaintiff Chans Foods, Inc., and because Plaintiffs filed this action in the District of Columbia (HSCDC's State of residence), this Court should remand this case to the Superior Court.

### C. Plaintiffs Chandar Ratnam and Asha Chandar are properly named as Plaintiffs.

The Removing Defendants also argue that Plaintiffs Chandar Ratnam and Asha Chandar (the "Individual Plaintiffs") were also "fraudulently joined" and therefore should not be considered for purposes of determining diversity jurisdiction. See Notice of Removal, ¶ in 21. The Removing Defendants are again incorrect.

The Individual Plaintiffs have stated causes of action against Defendants based under both the DCCAPA and the common law. While Chans Foods, Inc. was the

business entity through which Plaintiffs operated their franchise, and was therefore the party that suffered the more significant losses, the Individual Plaintiffs also suffered damages that belong to them individually. Moreover, the Individual Plaintiffs signed personal guarantees for the Sublease, which, based on Plaintiffs' claim for the relief of rescission, make the Individual Plaintiffs proper parties. Complaint, ¶ 31.

The Removing Defendants have again failed to meet the high standard that is required to demonstrate that the Individual Plaintiffs were fraudulently joined, i.e., that "no possibility" exists that the Individual Plaintiffs can establish a cause of action against Defendants. Accordingly, the Individual Plaintiffs' citizenship must be considered when determining diversity jurisdiction. Because the Individual Plaintiffs are citizens of the same State as DCGB, Inc., this Court lacks diversity jurisdiction under Section 1332, and should therefore remand the case to the Superior Court.

A party successfully seeking remand may be awarded "payment of just cost and any actual expenses, including attorneys' fees incurred as a result of the removal." 28 U.S.C. § 1447(c). An order requiring the removing party to pay cost lies within a court's discretion. Weigert v. Georgetown Univ., 43 F.Supp.2d 5, 7 (D.D.C. 1999). A fee award under § 1447(c) simply reimburses the Plaintiffs for unnecessary litigation cost inflicted by Defendants. Hoffler v. Aetna U.S. Healthcare of California, Inc., 296 F.3d 764, 770 (9th Cir. 2002).

Plaintiffs have requested that Removing Defendants consent to the remand of this case. Removing Defendants have nevertheless refused to consent, thus necessitating the instant Motion. Along with an Order for Remand, Plaintiffs request an award of attorneys' fees associated with the instant Motion.

## IV. Conclusion

Based upon the foregoing arguments and authorities, Plaintiffs request this Court to grant its Motion to Remand. Further, Plaintiffs request this Court to order Removing Defendants to pay to Plaintiffs their attorneys' fees attributable to this instant Motion.

Dated: March 31, 2006.                By:   *Joseph Horn*_____
                                            Joseph Horn, Esq.
                                            Attorney Bar No. 418448
                                            Horn Legal, PLLC
                                            1730 Rhode Island Avenue,
                                            Suite 1208
                                            Washington, D.C. 20036
                                            202 321 0084
                                            202 835 1557

                                            - and –

                                            Scott Korzenowski, Esq.
                                            William S. Fulton, Jr., Esq.
                                            4000 IDS Center
                                            80 South Eighth Street
                                            Minneapolis, Minnesota 55402
                                            (612) 359-9000
                                            **ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Plaintiff's Memorandum of Law in Support of Motion to Remand was sent by facsimile and first-class mail on March 31, 2006, to:

Arthur Pressman
Christopher J. Wallace
Nixon Peabody LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004-2128

Tarrant H. Lomax, Esq.
Tarrant H. Lomax, Esq., P.C.
4530 Wisconsin Avenue, N.W., Ste. 200
Washington, D.C. 20016

Roxan Kerr, Esq.
Holland & Knight LLP
2099 Pennsylvania Avenue, N.W., Ste.100
Washington, D.C. 20006


*Joseph Horn*_____
Joseph Horn, Attorney for Plaintiffs