UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM, ASHA CHANDAR, and CHANS FOODS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., D.C.B.G., INC., and H STREET COMMUNITY DEVELOPMENT CORPORATION, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:06-cv-00372-JR |

**PLEASE TAKE NOTICE** that pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C.S. § 1404(a) and 1406(a), and upon the accompanying: (i) Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss or Transfer Plaintiffs' Claims for Improper Venue; and (ii) Declaration of Christopher J. Wallace, Esq., defendants Blimpie Associates Ltd. and 2001 B.A. Realty, Inc. will move this Court on such date and at such time as determined by the Court, to dismiss or, in the alternative, transfer the above-captioned action to the United States District Court for the Southern District of New York.  Defendants are entitled to dismissal or transfer of the action because (i) the parties' Franchise Agreement contains an express forum selection clause that requires all claims relating to the Franchise Agreement to be brought in the federal or state courts located in New York, New York; (ii) enforcement of the forum selection clause would not be unreasonable or unjust; (iii) the clause was not procured by fraud or overreaching; (iv) enforcement of the clause would not contravene a strong public policy of the

W709307.2

District of Columbia; and (v) plaintiffs will not be so inconvenienced to such an extent that they will be deprived of their day in court.

                                                                                                                     Respectfully submitted,

                                                                                                                     **BLIMPIE ASSOCIATES, LTD., and**
                                                                                                                      **2001 B.A. REALTY, INC.,**
                                                                                                                      By their attorneys,

                                                                                                                      _____/s/_____
                                                                                                  Christopher J. Wallace (Bar No. 476942)
                                                                                                  Arthur L. Pressman
                                                                                                  NIXON PEABODY LLP
                                                                                                  401 9th Street, N.W., Suite 900
                                                                                                  Washington, D.C. 20004
                                                                                                  (202) 585-8080

Dated:  April 4, 2006

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| CHANDAR RATNAM, ASHA CHANDAR, and CHANS FOODS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., D.C.B.G., INC., and H STREET COMMUNITY DEVELOPMENT CORPORATION, INC., <br><br> Defendants. | CIVIL ACTION NO. 1:06-cv-00372-JR |

**DEFENDANTS BLIMPIE ASSOCIATES LTD. AND 2001 B.A. REALTY, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS OR TRANSFER PLAINTIFFS' CLAIMS FOR IMPROPER VENUE**

Defendants Blimpie Associates Ltd. ("Blimpie") and 2001 B.A. Realty, Inc. ("BA Realty") (collectively, the "Blimpie Defendants") submit this Memorandum of Points and Authorities in support of their Motion to Dismiss or Transfer the claims of plaintiffs Chans Foods, Inc. ("Chans"), Chandar Ratnam ("Ratnam"), and Asha Chandar ("Asha") pursuant to the forum selection clause contained in the parties' franchise agreement.

**INTRODUCTION**

Blimpie and Chans Foods are parties to a franchise agreement, dated April 28, 2004 (the "Franchise Agreement") for the establishment of a Blimpie restaurant in Washington, D.C. The Franchise Agreement provides, among other things, that "any and all claims asserted by or against [Chans Foods], arising under this Agreement or related thereto, shall be heard and determined . . ." in the federal or state courts located in the City and County of New York. In

this action, all of plaintiffs' claims arise under or relate to the Franchise Agreement.  Because plaintiffs have not shown and cannot show why the forum selection clause in the Franchise Agreement does not apply to plaintiffs' claims and should not be enforced, plaintiffs' claims should be dismissed in their entirety or, in the alternative, transferred to the United States District Court for the Southern District of New York.

## FACTS

### I.  The Franchise Agreement

Blimpie and Chans Foods are parties to a franchise agreement, dated April 28, 2004 (the "Franchise Agreement").  (See Complaint ¶ 1, Declaration of Christopher J. Wallace ("Wallace Dec."), Ex. 1; and Franchise Agreement, Wallace Dec., Ex. 2.)  In conjunction with the Franchise Agreement, BA Realty and Chans Foods entered into a sublease for the restaurant premises, also dated April 28, 2004 (the "Sublease").  Plaintiffs Ratnam and Asha personally guaranteed Chans Foods' performance under both the Franchise Agreement and the Sublease.  (See Wallace Dec., Ex. 1 at ¶ 1.)  The Franchise Agreement granted plaintiffs the right and obligation to open and operate a Blimpie restaurant at a specific location in Washington, D.C.  The Blimpie Defendants are both New York corporations with their principal place of business in New York, New York.  Plaintiff Chans Foods is a District of Columbia corporation with its principal place of business in Washington, D.C., and plaintiffs Ratnam and Asha are residents of Virginia.  (See Wallace Dec., Ex. 1 at ¶¶ 1-3.)

Among other provisions, the Franchise Agreement contains an express forum selection clause that requires all claims between the parties to be brought in federal or state court in the City and County of New York.  (See Wallace Dec., Ex. 2 at ¶ 21.2.)[1]  Specifically, Paragraph

---

[1]   Paragraph 21.2 of the Franchise Agreement states in pertinent part that:

21.2 of the Franchise Agreement applies to "[a]ny and all claims asserted by or against [Chans Foods], arising under this Agreement or related thereto." (See Wallace Dec., Ex. 2 at ¶ 21.2.) Accordingly, all claims asserted by plaintiffs in the Complaint against the Blimpie Defendants should have been brought in the federal or state courts in the City and County of New York.

The Franchise Agreement further provides that, if plaintiffs bring any action against Blimpie in any court other than the federal or state courts in the City and County of New York, then plaintiffs must either consent to the transfer of the action to a federal or state court in the City and County of New York or consent to the dismissal of the action and reinstitute the action in the appropriate court in New York. (See Wallace Dec., Ex. 2 at ¶ 21.2.4.)[2]

In addition, the Franchise Agreement states that the parties acknowledge and agree that the agreement was "executed and delivered in the City of New York, State of New York, … and shall be governed by and construed in accordance with the laws of the State of New York." (See Wallace Dec., Ex. 2 at ¶ 21.1.)

Accordingly, all claims asserted in the Complaint should be dismissed or, in the alternative, transferred to the United States District Court for the Southern District of New York.

---

> Any and all claims asserted by or against [Chans Foods], arising under this Agreement or related thereto, shall be heard and determined either in the courts of the United States, located in City and County of New York, State of New York, (hereinafter referred to as "Federal Court(s)") or in the courts of the State of New York, located in City and County of New York, State of New York, (hereinafter referred to as the "New York Court(s)")….

[2]   Paragraph 21.2.4 of the Franchise Agreement states that:

> If the [Franchisee] commences any action against the Franchisor in a New York state court or a federal court, other than a Federal Court or New York Court, as defined above, upon request of the Franchisor, the [Franchisee] shall either consent to a transfer of the action to a court of competent jurisdiction, located in the City and County of New York, if a federal court or the City and County of New York, if a state court, or if the court where the action is initially brought will not or cannot transfer the action, the [Franchisee] shall consent to dismiss such action, without prejudice, and may thereafter reinstitute the action in the appropriate Federal Court or New York Court.

- 4 -

## II.     Statement of Relevant Facts and Plaintiffs' Claims.

On or about June 14, 2005, the District of Columbia Board of Zoning Adjustment determined that the Department of Consumer and Regulatory Affairs had erred in issuing a Certificate of Occupancy for the premises of plaintiffs' Blimpie restaurant.  (See Wallace Dec., Ex. 1 at ¶ 38.)  Instead of appealing the order, plaintiffs "closed their doors" on or about August 6, 2005, and ceased operating the Blimpie restaurant.  (Id. at ¶ 39.)  On or about December 1, 2005, plaintiffs surrendered possession of the premises.  (Id. at ¶ 40.)

Plaintiffs filed the Complaint in this action on January 31, 2006, alleging various causes of action "arising under" the Franchise Agreement or "related thereto."  Specifically, the Complaint alleges that defendants: (1) violated the District of Columbia Consumer Protection Procedures Act (Count One); (2) committed common law fraud (Count Two); (3) made negligent misrepresentations (Count Three); (4) breached the Franchise Agreement and the implied covenant of good faith and fair dealing (Count Four); and (5) were unjustly enriched (Count Five).  Plaintiffs base all of these claims on the defendants' alleged misrepresentations and omissions to them regarding the zoning and suitability of the leased premises for plaintiffs' Blimpie restaurant, upon which plaintiffs relied in entering into the Franchise Agreement.  (Id. at ¶¶ 50-75.)

## III.    Removal of Action

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Blimpie, BA Realty, and D.C.B.G., Inc. filed a Notice of Removal of plaintiffs' action, which was originally filed by plaintiffs in the Superior Court of the District of Columbia, Civil Division, on January 31, 2006 (Civil Action No. 06ca618).  In the Notice of Removal, the citizenship of defendant H Street Community Development Corporation, Inc. ("HSCDC") and individual plaintiffs Ratnam and Asha were not

- 5 -

considered for purposes of determining diversity of the parties because those parties were fraudulently joined in the Complaint solely to defeat diversity jurisdiction.

As set forth more specifically in the Notice of Removal, HSCDC was fraudulently joined because no possibility exists that plaintiffs can establish a cause of action against HSCDC. The Complaint merely alleges that HSCDC leased to defendant BA Realty the premises where plaintiffs' Blimpie restaurant would be located. (See Wallace Dec., Ex. 1 at ¶ 22.) Plaintiff Chans Foods subsequently entered into a sublease with BA Realty for the premises, but at no time did Chans Foods or any other plaintiff enter into a lease or sublease with HSCDC. (See Wallace Dec., Ex. 1 at ¶ 31.) Thus, the Complaint alleges no common law duty or contractual relationship between plaintiffs and HSCDC, and, consequently, there is no possibility that plaintiffs can establish a claim against HSCDC.

In addition, the Notice of Removal states the grounds for fraudulent joinder of plaintiffs Ratnam and Asha. Plaintiffs Ratnam and Asha, who are Virginia citizens, failed to allege facts sufficient to state a claim against the only Virginia defendant, D.C.B.G., Inc., or any other defendant. Plaintiffs Ratnam and Asha are shareholders of plaintiff Chans Foods, but Chans Foods is the only plaintiff that executed the Franchise Agreement with Blimpie and the sublease with BA Realty. (See Wallace Dec., Ex. 1 at ¶ 31.) Because each cause of action in the Complaint concerns alleged breaches and misrepresentations based on the Franchise Agreement and sublease, Ratnam and Asha cannot state a claim against any defendant and were, therefore, fraudulently joined.

Defendant HSCDC, whose consent to the removal was unnecessary as a fraudulently joined party, filed a motion to remand on March 21, 2006. Plaintiffs separately filed a motion to remand on April 3, 2006. Both motions are currently before this Court. The motions are

meritless, and defendants Blimpie, BA Realty, and D.C.B.G., Inc. respectfully refer the Court to their memoranda of law in opposition to both Plaintiffs' and Defendant HSCDC's motions to remand. For the reasons stated therein, this action should not be remanded and, pursuant to this Motion to Dismiss or Transfer, should be dismissed or transferred to the U.S. District Court for the Southern District of New York.

## ARGUMENT

**I.    Plaintiffs' Claims Should Be Dismissed Because the Forum Selection Clause Requires Their Claims to Be Brought in the Federal or State Courts of New York.**

Under general contract law, the plain and unambiguous meaning of an agreement is controlling, and the court determines the intentions of the parties from the language used by the parties to express their agreement. Manganaro Corp. v. Jefferson At Penn Quarter, L.P., C.A. No. 04-2133, 2005 U.S. Dist. LEXIS 35714, at *8 (Aug. 9, 2005), citing United States v. Baroid Corp., 346 F. Supp. 2d 138, 142-43 (D.D.C. 2004). Under applicable federal law, it is beyond dispute that an express contractual agreement designating a forum in which some or all claims must be brought is presumptively valid. See The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (holding that forum selection clauses are prima facie valid); Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991) (enforcing forum selection clause in form contract).

The District of Columbia Circuit applies the standard set forth in The Bremen to contractual forum selection clauses. See Commerce Consultants Int'l, Inc. v. Vetrerie Riunite S.p.A., 867 F.2d 697, 699 (D.C. Cir. 1989); 2215 Fifth St. Assocs., LP v. U-Haul Int'l, Inc., 148 F. Supp. 2d 50, 54 (D.D.C. 2001). As the Court in The Bremen correctly recognized, there is a strong presumption in favor of upholding forum selection clauses "absent some compelling and countervailing reason." The Bremen, 407 U.S. at 15; 2215 Fifth St., 148 F. Supp. 2d at 54. Specifically, a forum selection clause should be enforced unless the resisting party can show

that: (1) formation of the clause was tainted by fraud or overreaching; (2) enforcement would effectively deprive the complaining party of his day in court or deprive him of any remedy; or (3) enforcement would contravene a strong public policy of the forum state in which the suit was originally brought. 2215 Fifth St., 148 F. Supp. 2d at 55, citing Marra v. Papandreou, 59 F. Supp. 2d 65, 70 (D.D.C. 1999), aff'd, 216 F.3d 1119 (D.C. Cir. 2000).

Here, it is clear that plaintiffs cannot meet their heavy burden. The Complaint does not attack the validity of the forum selection clause whatsoever. Although the Complaint alleges fraud with respect to the Franchise Agreement, generally, plaintiffs do not contend that the forum selection clause itself was the product of fraud or overreaching. See Haynsworth v. The Corporation, 121 F.3d 956, 963 (5th Cir. 1997) (fraud and overreaching must be specific to the forum selection clause in order to invalidate it); Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974) (a forum selection clause is not enforceable if its inclusion in the contract was the product of fraud or coercion).

Enforcement of the forum selection clause would not deprive plaintiffs of their day in court or deprive them of any remedy. Plaintiffs willingly entered into the Franchise Agreement, which contains an explicit and unambiguous forum selection clause requiring all actions relating to the Franchise Agreement to be brought in the federal or state courts in the City and County of New York. The designation of New York is wholly reasonable because the Blimpie Defendants are both New York corporations with their principal place of business in the City of New York, and the parties entered into the Franchise Agreement in the City of New York. In addition, the Franchise Agreement is governed by New York law. Plaintiffs cannot establish that they were unaware of the possibility that they would have to litigate any dispute with the Blimpie Defendants in New York, and there is no evidence that litigation in New York would be "so

gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." The Bremen, 407 U.S. at 18.

Plaintiffs also cannot rely on any alleged disparity in the bargaining positions of the parties. Courts have routinely held that a forum selection clause will be upheld even if the clause was not the product of negotiation. See Marra, 59 F. Supp. 2d at 70 (holding that the presumption in favor of enforcing a forum selection clause applies even if one party has superior bargaining power and the clause was not negotiated); Carnival, 499 U.S. at 595 (upholding the validity of a forum selection clause contained in a form passenger ticket even though it was not the product of bargaining).

Finally, plaintiffs fail to make any allegation that enforcement of the forum selection clause will violate a strong public policy of the forum state. Here, the forum state is the District of Columbia, and it is black-letter law that the District of Columbia has adopted the Supreme Court standard set forth in The Bremen that forum selection clauses are prima facie valid and should generally be enforced. Marra, 59 F. Supp. 2d at 70; 2215 Fifth St., 148 F. Supp. 2d at 54. Because enforcement of the parties' agreed-upon forum selection clause comports with, and does not violate, the District of Columbia's public policy, plaintiffs cannot offer any basis for maintaining this action in the District of Columbia, and plaintiffs' claims should be dismissed.

**II.     If Plaintiffs' Claims Are Not Dismissed, This Action Should Be Transferred to the United States District Court for the Southern District of New York Based on the Forum Selection Clause.**

In the event the Court does not dismiss plaintiffs' claims, this action should be transferred to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) for the convenience of the parties and witnesses, and in the interest of justice. Under the law of this Circuit, it is well settled that 28 U.S.C. § 1404(a) controls the determination of whether to uphold a forum selection clause and to transfer an action to the forum specified in the

W709307.5

parties' contract.  See <u>2215 Fifth St.</u>, 148 F. Supp. 2d at 57, citing <u>Marra</u>, 216 F.3d 1119, and <u>Stewart Organization, Inc. v. Ricoh Corp.</u>, 487 U.S. 22, 23 (1988).

Although technically a determination of the convenience of the parties, "the presence of a forum selection clause will be a significant factor that figures centrally in the district court's analysis."  <u>Stewart</u>, 487 U.S. at 29.  Thus, "the traditional analysis is altered and 'in light of present-day commercial realties … the forum clause should control absent a strong showing that it should be set aside."  <u>Overseas Partners, Inc.</u>, 15 F. Supp. 2d at 54 (quoting <u>The Bremen</u>, 407 U.S. at 15).

Here, there is no basis for ignoring the parties express forum selection clause designating the courts of the City and County of New York for all disputes relating to the Franchise Agreement.  The designation of New York is wholly reasonable in light of the fact that (1) the Blimpie Defendants are both New York corporations with their principal place of business in the City of New York; (2) the parties acknowledge that the Franchise Agreement was executed and delivered in the City of New York; and (3) the Franchise Agreement contains a choice-of-law provision stating that the agreement shall be governed by and construed in accordance with the laws of New York.  Accordingly, the Court should enforce the forum selection clause and transfer this action to the United States District Court for the Southern District of New York.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' claims are precluded by the parties' agreed-upon forum selection clause, which requires adjudication of plaintiffs' claims in the federal or state courts located in the City and County of New York.  The Blimpie Defendants therefore

- 10 -

respectfully request that the claims against them be dismissed or, in the alternative, transferred to the United States District Court for the Southern District of New York.

                                            Respectfully submitted,

                                            **BLIMPIE ASSOCIATES, LTD., and**
                                            **2001 B.A. REALTY, INC.,**
                                            By their attorneys,

                                            _____/s/_____
                                            Christopher J. Wallace (Bar No. 476942)
                                            Arthur L. Pressman
                                            NIXON PEABODY LLP
                                            401 9th Street, N.W., Suite 900
                                            Washington, D.C. 20004
                                            (202) 585-8080

Dated:  April 4, 2006

W709307.5