UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CHANDAR RATNAM, ASHA CHANDAR, and CHANS FOODS, INC.,

        Plaintiffs,

v.

BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., D.C.B.G., INC., and H STREET COMMUNITY DEVELOPMENT CORPORATION, INC.,

        Defendants.

CIVIL ACTION NO. 1:06-cv-00372-JR

**DEFENDANTS BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., AND D.C.B.G.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT H STREET COMMUNITY DEVELOPMENT CORPORATION, INC.'S MOTION TO REMAND**

    Defendants Blimpie Associates Ltd. ("Blimpie"), 2001 B.A. Realty, Inc. ("BA Realty"), and D.C.B.G., Inc. (collectively, the "Removing Defendants", and sometimes referred to as the "Blimpie Defendants") submit this Memorandum of Points and Authorities in opposition to Defendant H Street Community Development Corporation, Inc. ("HSCDC")'s Motion to Remand. The Motion to Remand should be denied because this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441. In its Motion, HSCDC does not refute any of the following facts: (1) that the Court has original jurisdiction based on the diversity of citizenship of the parties; (2) that there is no possibility that plaintiffs can establish a cause of action against HSCDC; and (3) that HSCDC was, therefore, fraudulently joined as a defendant solely for the purpose of destroying diversity. HSCDC instead improperly attempts to categorize plaintiffs' lawsuit as a landlord-tenant action, despite the fact that plaintiffs' claims arise out of

W713534.2

its franchise relationship with Blimpie, and the alleged acts or failures to act of the Blimpie Defendants, and do not involve payment of rent, possession of real estate, or any other landlord-tenant issue.

## FACTS

Blimpie and Chans Foods, Inc. ("Chans Foods") are parties to a franchise agreement, dated April 28, 2004 (the "Franchise Agreement"). In conjunction with the Franchise Agreement, BA Realty and Chans Foods entered into a sublease for the restaurant premises, also dated April 28, 2004. Plaintiffs Chandar Ratnam ("Ratnam") and Asha Chandar ("Asha") personally guaranteed Chans Foods' performance under both the Franchise Agreement and the sublease. (Complaint at ¶ 1.) The Franchise Agreement granted plaintiffs the right and obligation to open and operate a Blimpie restaurant at a specific location in Washington, D.C.

On or about June 14, 2005, the District of Columbia Board of Zoning Adjustment determined that the Department of Consumer and Regulatory Affairs had erred in issuing a Certificate of Occupancy for the premises of plaintiffs' Blimpie restaurant. (Complaint at ¶ 38.) Instead of appealing the order, plaintiffs "closed their doors" on or about August 6, 2005, and ceased operating the Blimpie restaurant. (Id. at ¶ 39.) On or about December 1, 2005, Plaintiffs surrendered possession of the premises. (Id. at ¶ 40.)

Plaintiffs filed the Complaint in this action on January 31, 2006, alleging various causes of action arising out of their franchise relationship with Blimpie. Specifically, the Complaint alleges that the Blimpie Defendants: (1) violated the District of Columbia Consumer Protection Procedures Act; (2) committed common law fraud; (3) made negligent misrepresentations; (4) breached the Franchise Agreement and the implied covenant of good faith and fair dealing; and (5) were unjustly enriched. Plaintiffs base all of these claims on the Blimpie Defendants' alleged

W713534.2

misrepresentations and omissions to them regarding the zoning and suitability of the leased premises for plaintiffs' Blimpie restaurant, upon which plaintiffs allegedly relied in entering into the Franchise Agreement.  (Complaint at ¶¶ 50-75.)

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Blimpie, BA Realty, and D.C.B.G., Inc. filed a Notice of Removal of plaintiffs' action, which was originally filed by plaintiffs in the Superior Court of the District of Columbia, Civil Division, on January 31, 2006 (Civil Action No. 06ca618).  In the Notice of Removal, the citizenship of defendant HSCDC and individual plaintiffs Ratnam and Asha were not considered for purposes of determining diversity of the parties because those parties were fraudulently joined in the Complaint solely to defeat diversity jurisdiction.  HSCDC has moved to remand the action to the Superior Court of the District of Columbia, which should be denied for the reasons set forth in the Notice of Removal and this Memorandum of Points and Authorities.[1]

Simultaneously herewith, Blimpie and BA Realty have filed a Motion to Dismiss or Transfer Plaintiffs' Claims based on improper venue.  The Franchise Agreement contains an express forum selection clause that requires that all claims between plaintiffs and the Blimpie Defendants be brought in federal or state court in the City and County of New York.[2]  Accordingly, all claims asserted by plaintiffs in the Complaint against the Blimpie Defendants should have been brought in the federal or state courts in the City and County of New York, and

---

[1] Plaintiffs filed a separate motion to remand on April 3, 2006.  The Removing Defendants will submit a separate memorandum of law in opposition to that motion.

[2] Paragraph 21.2 of the Franchise Agreement states in pertinent part that:

> Any and all claims asserted by or against [Chans Foods], arising under this Agreement or related thereto, shall be heard and determined either in the courts of the United States, located in City and County of New York, State of New York … or in the courts of the State of New York, located in City and County of New York, State of New York ….

their claims should be dismissed or transferred to the U.S. District Court for the Southern District of New York.

## ARGUMENT

**I.    Removal is Appropriate Because a Fraudulently Joined Party Need Not Join in a Removal Petition.**

HSCDC argues that the Court should remand this case because the Removing Defendants failed to obtain the consent of HSCDC under 28 U.S.C. § 1446. However, it is well established that only properly joined defendants must join in a removal petition. Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254, 1262 (5th Cir. 1988). See also Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993) ("In cases involving alleged improper or fraudulent joinder of parties … application of [the consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists."); Polyplastics, Inc. v. Transconex, Inc., 713 F.2d 875, 877 (1st Cir. 1983) ("A party fraudulently joined to defeat removal need not join in a removal petition."); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 (9th Cir. 1988) ("all defendants in a state action must join in the petition for removal, except for nominal, unknown or fraudulently joined parties").

To establish fraudulent joinder, the removing defendants must demonstrate either that: (1) no possibility exists that the fraudulently joined plaintiffs can establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiffs' pleading of jurisdictional facts. *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp.2d 74, 76-77 (D.D.C. 1998); *Newman v. Brent*, CA No. 97-1647(TFH), 1998 U.S. Dist. LEXIS 10476, at *7 (D.D.C. July 8, 1998). As set forth more specifically in the Notice of Removal, HSCDC was fraudulently joined because no possibility exists that plaintiffs can establish a cause

of action against HSCDC. The Complaint merely alleges that HSCDC leased to defendant BA Realty the premises where plaintiffs' Blimpie restaurant would be located. (Complaint at ¶ 22.) Plaintiff Chans Foods subsequently entered into a sublease with BA Realty for the premises, but at no time did Chans Foods or any other plaintiff enter into a lease or sublease with HSCDC. (Complaint at ¶ 31.) Thus, the Complaint alleges no common law duty or contractual relationship between plaintiffs and HSCDC, and, consequently, there is no possibility that plaintiffs can establish a claim against HSCDC.

HSCDC does not refute this fact in its Motion to Remand and does not even address the fraudulent joinder issue, thereby conceding it. Accordingly, because HSCDC was fraudulently joined, its consent to removal is not required, and HSCDC's Motion to Remand should be denied.[3]

## II. The Abstention Doctrine Does Not Apply to This Action and There Are No Predominate Issues of Local Law or Policy.

HSCDC next argues that this case should be remanded to D.C. Superior Court based on the rarely invoked Burford abstention doctrine on the ground that "it is predominated by issues of local law and policy." (HSCDC's Memorandum of Points and Authorities in Support of Motion to Remand ("Remand Mem.") at p. 3.). In the case cited by HSCDC in support of its theory, the District Court for the District of Columbia stated that the "doctrine of abstention provides a *narrow exception* to a district court's obligation to entertain cases over which it has jurisdiction." Dano Resource Recovery, Inc. v. District of Columbia, C.A. No. 91-571 SSH, 1992 WL 165977, at *1 (D.D.C. June 30, 1992) (emphasis added) (applying abstention doctrine

---

[3] HSCDC claims that the Removing Defendants failed to comply with 28 U.S.C. § 1446(d), which requires the removing defendants to give written notice of the filing of the Notice of Removal to all adverse parties promptly after the filing of such Notice of Removal. However, the Removing Defendants provided notice and a copy of the Notice of Removal to HSCDC through its counsel on March 7, 2006.

in action seeking a declaratory judgment that the District of Columbia Procurement Practices Act is unconstitutional under the Supremacy Clause). According to the district court, "[a]bstention is [ ] appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar." Id. at *2, citing Colorado River Water Conservation Dist. V. United States, 424 U.S. 800 (1976).

Here, HSCDC has failed to make any showing that this case poses "difficult questions of state law" regarding "policy problems of substantial public import." At its core, this is a breach of contract case involving the franchise relationship between Blimpie, as the franchisor, and Chans Foods, as the franchisee. Although plaintiffs purport to allege a claim under the D.C. Consumer Protection Act, that claim is premised upon the franchise relationship between Chans Foods and Blimpie, and simply alleges that defendants omitted telling plaintiffs about the zoning requirements for the premises leased by plaintiffs. (Complaint at ¶ 56.) It is difficult to discern how this claim has "substantial public import whose importance transcends the result in the case [ ] at bar." The abstention doctrine simply does not apply to this commercial dispute.

Furthermore, as set forth in the Notice of Removal, no possibility exists that plaintiffs can establish a cause of action against HSCDC under the D.C. Consumer Protection Act because HSCDC had no duty under the Act, or by contract or otherwise, to warn plaintiffs that its premises was not zoned for use as a fast food restaurant or that there was neighborhood opposition to the use of the premises as a fast food restaurant. Therefore, because HSCDC cannot be liable to plaintiffs for violating the Act, plaintiffs' cause of action under the Act is not a basis for remanding this case to D.C. Superior Court, and the Motion to Remand should be denied.

HSCDC also argues that there is another case pending in the D.C. Superior Court involving "the same parties and similar issues of law and fact." (Remand Mem. at pp. 4-5.) HSCDC is apparently referring to a Complaint for Possession of Real Estate filed by HSCDC against Chans Foods in the Landlord and Tenant Branch of the Superior Court (Case No. 045523-05).[4] Contrary to HSCDC's assertion, that action does not involve the same parties or similar issues of law and fact. That case is solely between HSCDC and Chans Foods and does not involve any of the other defendants in this action. It also has no relevance here because, unlike this case, it is solely a landlord-tenant claim for failure to pay rent and failure to vacate the premises. (Remand Mem., Ex. B.) The landlord-tenant dispute is wholly unrelated to the claims brought by plaintiffs in the instant action, which alleges fraud, breach of contract, and related claims arising out of the franchise relationship between plaintiffs and Blimpie. Accordingly, there is no risk of "disparate rulings of law" by this Court maintaining jurisdiction over plaintiffs' claims, and HSCDC's Motion to Remand should be denied.

**III.   This is Not a Landlord-Tenant Dispute**

HSCDC argues that the D.C. Superior Court has exclusive jurisdiction over possession actions. (Remand Mem. at p. 5.) The Removing Defendants do not dispute that, but, as stated above, plaintiffs' claims in this action do not involve any landlord-tenant issues, which are properly being dealt with in the action brought by HSCDC against Chans Foods in the Landlord and Tenant Branch of the D.C. Superior Court. Here, plaintiffs seek to recover the investment it made in its Blimpie franchise, and other alleged damages, based on the alleged

---

[4] HSCDC filed a separate action against BA Realty in the Landlord and Tenant Branch of the D.C. Superior Court (Case No. 045524-05), but that action does not involve Chans Foods. In addition, a default judgment was entered on January 25, 2006, so it bears no relevance to the instant action.

W713534.2

misrepresentations and omissions of defendants, which plaintiffs claim to have relied on in deciding to enter into the Franchise Agreement with Blimpie.

Accordingly, because this action is not a landlord-tenant dispute, HSCDC's Motion to Remand should be denied.

## CONCLUSION

For the foregoing reasons, plaintiffs' claims in this action were properly removed to the U.S. District Court for the District of Columbia, and defendant HSCDC's Motion to Remand should be denied.

Respectfully submitted,

**BLIMPIE ASSOCIATES, LTD., and 2001 B.A. REALTY, INC.,**
By their attorneys,

_____/s/_____
Christopher J. Wallace (Bar No. 476942)
Arthur L. Pressman
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8080

**D.C.B.G., INC.,**
By their attorneys,

_____/s/_____
Tarrant H. Lomax (Bar No. 961409)
TARRANT H. LOMAX, ESQ., P.C.
4530 Wisconsin Avenue, N.W., #200
Washington, D.C. 20016
(202) 537-7320

Dated: April 4, 2006

W713534.2