UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHANDAR RATNAM, ASHA CHANDAR, and CHANS FOODS, INC., <br><br>          Plaintiffs, <br><br> v. <br><br> BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., D.C.B.G., INC., and H STREET COMMUNITY DEVELOPMENT CORPORATION, INC., <br><br>          Defendants. | CIVIL ACTION NO. <u>1:06-cv-00372-JR</u> |

**<u>DEFENDANTS BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., AND D.C.B.G.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND</u>**

Defendants Blimpie Associates Ltd. ("Blimpie"), 2001 B.A. Realty, Inc. ("BA Realty"), and D.C.B.G., Inc. (collectively, the "Removing Defendants" or the "Blimpie Defendants") submit this Memorandum of Points and Authorities in opposition to Plaintiffs' Motion to Remand. The motion to remand should be denied because this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441.

**FACTS**

Blimpie and plaintiff Chans Foods, Inc. ("Chans Foods") are parties to a franchise agreement, dated April 28, 2004 (the "Franchise Agreement"), which granted Chans Foods the right and obligation to open and operate a Blimpie restaurant at a specific location in Washington, D.C. In conjunction with the Franchise Agreement, and on the same date, BA Realty and Chans Foods entered into a sublease for the restaurant premises (the "Premises").

Plaintiffs Chandar Ratnam ("Ratnam") and Asha Chandar ("Asha") personally guaranteed Chans Foods' performance under both the Franchise Agreement and the sublease. (Complaint at ¶ 1.)

On or about June 14, 2005, the District of Columbia Board of Zoning Adjustment determined that the Department of Consumer and Regulatory Affairs had erred in issuing a Certificate of Occupancy for the Premises. (Complaint at ¶ 38.) Instead of appealing the order, plaintiffs "closed their doors" on or about August 6, 2005, and ceased operating the Blimpie restaurant. (Id. at ¶ 39.) On or about December 1, 2005, Plaintiffs surrendered possession of the Premises. (Id. at ¶ 40.)

Plaintiffs filed the Complaint in this action on January 31, 2006, alleging various causes of action arising out of their franchise relationship with Blimpie. Specifically, the Complaint alleges that the Blimpie Defendants: (1) violated the District of Columbia Consumer Protection Procedures Act; (2) committed common law fraud; (3) made negligent misrepresentations; (4) breached the Franchise Agreement and the implied covenant of good faith and fair dealing; and (5) were unjustly enriched. Plaintiffs base all of these claims on the Blimpie Defendants' alleged misrepresentations and omissions to them regarding the zoning and suitability of the leased Premises, upon which plaintiffs allegedly relied in entering into the Franchise Agreement. (Complaint at ¶¶ 50-75.)

## PROCEDURAL HISTORY

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants Blimpie, BA Realty, and D.C.B.G., Inc. filed a Notice of Removal of plaintiffs' action, which was originally filed by plaintiffs in the Superior Court of the District of Columbia, Civil Division, on January 31, 2006 (Civil Action No. 06ca618). In the Notice of Removal, the citizenship of defendant H Street Community Development Corporation, Inc. ("HSCDC") and individual plaintiffs Ratnam and Asha were not

considered for purposes of determining diversity of the parties because those parties were fraudulently joined in the Complaint solely to defeat diversity jurisdiction. Plaintiffs have moved to remand the action to the Superior Court of the District of Columbia, which should be denied for the reasons set forth in the Notice of Removal and this Memorandum of Points and Authorities.[1]

Also before this Court is Defendants Blimpie and BA Realty's Motion to Dismiss or Transfer Plaintiffs' Claims for Improper Venue. As set forth in that motion, the Franchise Agreement contains an express forum selection clause that requires that all claims between plaintiffs and the Blimpie Defendants be brought in federal or state court in the City and County of New York.[2] Accordingly, all claims asserted by plaintiffs in the Complaint against the Blimpie Defendants should have been brought in the federal or state courts in the City and County of New York, and their claims should be dismissed or transferred to the U.S. District Court for the Southern District of New York.

## ARGUMENT

### I. Removal is Appropriate Because Complete Diversity Exists Among All Properly Joined Parties.

Plaintiffs fail to establish that this Court lacks diversity jurisdiction. It is well settled under federal law that nominal, unknown, sham, and fraudulently joined parties cannot prevent removal, and their existence is disregarded for purposes of determining diversity. *See, e.g.,*

---

[1] Defendant H Street Community Development Corporation, Inc. filed a separate motion to remand on March 21, 2006. The Removing Defendants respectfully refer the Court to their Memorandum of Points and Authorities in opposition to that motion, which was filed on April 4, 2006.

[2] Paragraph 21.2 of the Franchise Agreement states in pertinent part that:

> Any and all claims asserted by or against [Chans Foods], arising under this Agreement or related thereto, shall be heard and determined either in the courts of the United States, located in City and County of New York, State of New York … or in the courts of the State of New York, located in City and County of New York, State of New York ….

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998); *Mayes v. Rapoport*, 198 F.3d 457, 461-63 (4th Cir. 1999); *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993).

As stated in the Notice of Removal, and for the reasons set forth in Sections II. and III. hereof, defendant HSCDC and plaintiffs Ratnam and Asha were fraudulently joined in this action solely to deprive this Court of jurisdiction and, therefore, must be ignored for purposes of determining the diversity jurisdiction of this Court. The citizenship of all properly joined parties is undisputed, and because such parties are citizens of different states, this Court has diversity jurisdiction over this matter.

Plaintiffs also argue that removal is improper because one of the defendants, HSCDC, is a citizen of the District of Columbia, where plaintiffs originally filed this action. (Plaintiffs' Memorandum of Law in Support of Motion to Remand ("Pl. Mem.") at p. 4.) Plaintiffs rely on 28 U.S.C. § 1441(b). However, that statute specifically states that diversity actions "shall be removable only if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Here, because HSCDC is not a "properly joined" defendant, as further discussed in Section II. below, section 1441(b) does not prevent removal of this action.

Because complete diversity of citizenship exists among all properly joined parties, this action was properly removed and plaintiffs' motion to remand should be denied.

## II.    The Citizenship of Defendant HSCDC Must Be Ignored Because It Was Fraudulently Joined.

To establish fraudulent joinder, the removing defendants must demonstrate either that: (1) no possibility exists that the plaintiffs can establish a cause of action against the in-state defendant in state court; or (2) there has been outright fraud in the plaintiffs' pleading of

jurisdictional facts. *Brown v. Brown & Williamson Tobacco Corp.*, 26 F. Supp. 2d 74, 76-77 (D.D.C. 1998); *Newman v. Brent*, CA No. 97-1647(TFH), 1998 U.S. Dist. LEXIS 10476, at *7 (D.D.C. July 8, 1998). As set forth in the Notice of Removal, HSCDC was fraudulently joined because no possibility exists that plaintiffs can establish a cause of action against HSCDC. As alleged in the Complaint, HSCDC merely leased to defendant BA Realty the Premises where plaintiffs' Blimpie restaurant would be located. (Complaint at ¶ 22.) BA Realty subsequently subleased the Premises to Chans Foods, but at no time did Chans Foods or any other plaintiff enter into a lease or sublease with HSCDC. (Complaint at ¶ 31.) Thus, the Complaint alleges no common law duty or contractual relationship between plaintiffs and HSCDC, and, consequently, there is no possibility that plaintiffs can establish a claim against HSCDC.

In their motion to remand, plaintiffs concede that there is no privity of contract between plaintiffs and HSCDC. (Pl. Mem. at 6.) Plaintiffs, therefore, do not even argue that they have stated a claim against HSCDC as to Fraud, Negligent Misrepresentation, Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, or Unjust Enrichment. Plaintiffs rely solely on their claim under the D.C. Consumer Protection Procedures Act (the "Act").

No possibility exists that plaintiffs can establish a cause of action against HSCDC under the Act because HSCDC owed plaintiffs no duty under the Act. The Act only regulates transactions between a consumer and a merchant, as those terms are defined under the Act. *See Adler v. Vision Lab Telecoms, Inc.*, 393 F. Supp. 2d 35, 39 (D.D.C. 2005) (dismissing claim under the Act because plaintiffs did not purchase, lease or receive services from defendants and, therefore, there was no consumer-merchant relationship between plaintiffs and defendants); *Independent Comms. Network, Inc. v. MCI Telecomms. Corp.*, 657 F. Supp. 785, 787 (D.D.C.

1987) (the Act "was intended to apply only to trade practices arising out of the supplier-purchaser relationship") (citing *Howard v. Riggs Nat'l Bank*, 432 A.2d 701, 709 (D.C. 1981)).

Here, plaintiffs claim that HSCDC failed to inform them about the zoning of the Premises, but plaintiffs have conceded that there is no contractual relationship between plaintiffs and HSCDC. Furthermore, *plaintiffs did not lease the Premises from HSCDC*. Rather, plaintiffs subleased the Premises from defendant BA Realty, which plaintiffs admit in the Complaint. (Complaint at ¶ 31.) Because HSCDC did not lease the Premises to plaintiffs or enter into any contract with plaintiffs, no consumer-merchant relationship exists between them and plaintiffs cannot state a claim against HSCDC under the Act.

Plaintiffs next argue that HSCDC has consented to jurisdiction in the Superior Court of the District of Columbia and admitted that an actual dispute exists between it and plaintiffs. (Pl. Mem. at 7.) Plaintiffs rely on a Stipulation of Possession and Joint Motion to Transfer Case to the Civil Division entered into between plaintiffs and HSCDC, which was filed in a landlord-tenant action for possession of real estate brought by HSCDC against Chans Foods. (Pl. Mem. at 7, Ex. B.) That joint motion is irrelevant for two reasons. First, the issue before this Court is not whether the D.C. Superior Court has jurisdiction over HSCDC but, rather, whether this Court has jurisdiction over this action because HSCDC was fraudulently joined as a defendant solely to destroy diversity.

Second, the landlord-tenant action between HSCDC and Chans Foods is limited solely to claims for possession of real estate and payment of rent. It does not involve any of the causes of action alleged in the Complaint in this action, including any claim under the Act. Therefore, the joint motion between HSCDC and Chans Foods does not, in any way, constitute an admission by

HSCDC that plaintiffs have properly alleged a claim against HSCDC under the Act or under any other count in the Complaint.

As set forth above, plaintiffs cannot state a claim against HSCDC under the allegations of the Complaint in this action. Because HSCDC was fraudulently joined for the sole purpose of defeating diversity jurisdiction, plaintiffs' motion to remand should be denied.

### III.   The Citizenship of Plaintiffs Chandar Ratnam and Asha Chandar Must Be Ignored Because They Were Fraudulently Joined.

The doctrine of fraudulent joinder is equally applicable to both plaintiffs and defendants under the same standard. *Guillot v. Credit Suisse Boston, L.L.C.*, CA No. 03-0797 Sect. T(5), 2005 U.S. Dist. LEXIS 17808 (E.D. La. July 21, 2005); *Elk Corp. v. Valmet Sandy-Hill, Inc.*, CA No. 3:99-cv-2298-G, 2000 U.S. Dist. LEXIS 3586 (N.D. Tex. Mar. 23, 2000); *Lerma v. Univision Comms., Inc.*, 52 F. Supp. 2d 1011 (E.D. Wisc. 1999); *Nelson v. St. Paul Fire & Marine Ins. Co.*, 897 F. Sup. 328, 331 (S.D. Tex. 1995).

Here, plaintiffs Ratnam and Asha are shareholders of plaintiff Chans Foods. Chans Foods is the only plaintiff-party that executed the Franchise Agreement with Blimpie and the sublease with BA Realty. (Complaint, ¶ 31.) Plaintiffs concede that Chans Foods was the business entity through which plaintiffs operated their franchise. (Pl. Mem. at 8.) Because each cause of action in the Complaint concerns alleged breaches and misrepresentations based on the Franchise Agreement and Sublease, Ratnam and Asha cannot state a claim against any defendant.

Plaintiffs make a hollow attempt to argue that Ratnam and Asha are properly named plaintiffs. First, plaintiffs assert that Ratnam and Asha "also suffered damages that belong to them personally," but they fail to offer any support for that statement. (Pl. Mem. at 8.) Plaintiffs

do not cite any allegations in the Complaint or identify any damages that were suffered by plaintiffs individually.

Second, plaintiffs maintain that Ratnam and Asha state a claim for rescission of their personal guarantees of the sublease entered into between Chans Foods and BA Realty. (Pl. Mem. at 8.) However, the personal guarantees are inapposite here because plaintiffs do not allege any damages with regard to the guarantees. Ratnam and Asha simply guaranteed the obligations of Chans Foods under the sublease. At no time did BA Realty or any other party require plaintiffs Ratnam or Asha to make any payment under the sublease based on the guarantees, and there are no allegations in the Complaint that allege any such payments. Furthermore, because the guarantees are solely a guaranty of Chans Foods' obligations under the sublease and not separate agreements between the individual plaintiffs and any other party (the guarantees are executed by Ratnam and Asha alone (Complaint, ¶ 31)), Ratnam and Asha have no independent claim for rescission of those guarantees. Only Chans Foods, and not Ratnam and Asha, can state a claim for rescission of the sublease. In the event rescission of the sublease is ultimately granted, the guarantees automatically have no effect. Thus, plaintiffs do not state a separate cause of action for rescission of the guarantees, and they have set forth no other claim for which relief may be granted in favor of plaintiffs Ratnam and Asha individually.

Accordingly, plaintiffs Ratnam and Asha are fraudulently joined and must be ignored for purposes of determining diversity jurisdiction, and plaintiffs' motion to remand should be denied.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' claims in this action were properly removed to the U.S. District Court for the District of Columbia, and plaintiffs' motion to remand should be denied.

Respectfully submitted,

**BLIMPIE ASSOCIATES, LTD., and
2001 B.A. REALTY, INC.,**
By their attorneys,

_____/s/_____
Christopher J. Wallace (Bar No. 476942)
Arthur L. Pressman
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8000

**D.C.B.G., INC.,**
By their attorneys,

_____/s/_____
Tarrant H. Lomax (Bar No. 961409)
TARRANT H. LOMAX, ESQ., P.C.
4530 Wisconsin Avenue, N.W., #200
Washington, D.C. 20016
(202) 253-8923

Dated: April 14, 2006

## CERTIFICATE OF SERVICE

    I, Christopher J. Wallace, do hereby certify that a true copy of the above document was served by first class mail this 14th day of April 2006 to the following:

    Joseph Horn, Esq.
    HORN LEGAL, PLLC
    1730 Rhode Island Avenue
    Suite 1208
    Washington, D.C. 20036

    Scott Korzenowski, Esq.
    William S. Fulton, Jr.
    DADY & GARNER, P.A.
    4000 IDS Center
    80 South Eighth Street
    Minneapolis, MN 55402

    Paul J. Kiernan, Esq.
    HOLLAND & KNIGHT LLP
    2099 Pennsylvania Avenue, NW, Suite 100
    Washington, DC 20006

    Tarrant H. Lomax, Esq.
    TARRANT H. LOMAX, ESQ., P.C.
    4530 Wisconsin Avenue, N.W., Suite 200
    Washington, DC 20016

                                      /s/
                                    Christopher J. Wallace