IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Chandar Ratnam, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>Blimpie Associates, Ltd., et al., )<br>)<br>Defendants. )<br>) | Civil Action No. 1:06-cv-00372-JR |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE**

Plaintiffs submit this memorandum in opposition to Defendants Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc.'s (the "Blimpie Defendants") motion to dismiss or transfer for improper venue. This Court should deny the Blimpie Defendants' motion because: (1) this Court lacks subject matter jurisdiction and therefore should remand this matter to the District of Columbia Superior Court and deny the motion as moot; (2) Defendant 2001 B.A. Realty, Inc. is not a party to a contract with a forum selection clause that chooses New York as venue; (3) a forum selection clause does not imbue the transferee court with jurisdiction; and (4) there are significant public policy considerations that militate against granting the motion.

**KEY FACTS**

The facts of this case are laid out in greater detail in Plaintiffs' Complaint (Affidavit of Joseph Horn ("Aff."), Exhibit 1). The essence of Plaintiffs' action is that Defendants sold a Blimpie franchise, and leased property to be used for that franchise, to Plaintiffs, but failed to inform Plaintiffs that the property was not zoned for use as a fast food restaurant, information that each and every Defendant was legally obligated to provide to Plaintiffs. Thus, this case

involves the sale of a franchise, and lease of property to operate that franchise, in violation of the common law and statutes of the jurisdiction in which the franchise was to be operated, i.e., the District of Columbia.

Plaintiffs Chandar Ratnam and Asha Chandar, through their corporation, Chans Foods, Inc., signed the April 28, 2004 Franchise Agreement (Aff., Exhibit 2) and the April 28, 2004 Sublease (Aff., Exhibit 4), which provided Plaintiffs the right to construct and operate a Blimpie fast food franchise at the property located at 8th and H Streets, N.E., Washington, D.C. 20002 (the "Property"). After opening their Blimpie franchise, Plaintiffs learned that the zoning of the Property did not allow its use as a fast food restaurant. On or about June 14, 2005, the responsible District of Columbia zoning agency withdrew the Plaintiffs' "Certificate of Occupancy" and the Plaintiffs were required to cease operations soon after.

Plaintiffs subsequently learned that Defendants knew, before executing the Franchise Agreement and Sublease, that the Property was not zoned for use as a fast food restaurant. See Aff., Exhibit 1, ¶¶ 17-22. None of the Defendants provided this extremely important information to Plaintiffs prior to their execution of the Franchise Agreement and Sublease, or prior to Plaintiffs spending hundreds of thousands of dollars building out and opening the fast food restaurant.

Against this backdrop, the Blimpie Defendants have brought this motion to dismiss or transfer, asserting that a forum selection clause requires Plaintiffs to litigate their claims in New York. The Blimpie Defendants' assertions are contrary to the facts and the law and, therefore, should be rejected in their entirety.

**ARGUMENT**

I. <u>THIS COURT SHOULD DENY THE BLIMPIE DEFENDANTS' MOTION AS MOOT BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION</u>

On or about March 2, 2006, the Blimpie Defendants, along with Defendant D.C.B.G., Inc. (collectively the "Removing Defendants"), filed the "Notice of Removal" of Plaintiffs' action. Subsequently, both Defendant H Street Community Development Corporation ("HSCDC") and Plaintiffs timely filed Motions to Remand with this Court, seeking remand of this case to the Superior Court of the District of Columbia. Both Plaintiffs' and HSCDC's motions are currently pending before this Court.

To establish diversity jurisdiction, the Removing Defendants are forced to argue that Plaintiffs fraudulently joined both (1) HSCDC and (2) Plaintiffs Chandar Ratnam and Asha Chandar (the "Individual Plaintiffs"). As stated in Plaintiffs' Motion to Remand, Removing Defendants failed to meet their burden.

To demonstrate fraudulent joinder, the Removing Defendants are required to show that "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the … defendant into state court." <u>In re Tobacco/Governmental Health Care Costs Litigation</u>, 100 F.Supp.2d 31, (D.D.C. 2000). In making this determination, "the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in plaintiff's favor." <u>Id.</u>

The Removing Defendants are unable to meet this exceedingly high standard. First, HSCDC itself agrees, in essence, that it was not fraudulently joined, i.e., that "no possibility" exists that Plaintiffs can establish a cause of action against HSCDC. HSCDC signed a

stipulation with Plaintiffs agreeing to transfer and join its landlord-tenant action with Plaintiffs' action in Superior Court. Accordingly, HSCDC's citizenship must be considered when determining diversity jurisdiction. Because HSCDC is a citizen of the same State as Plaintiff Chans Foods, Inc., this Court lacks subject matter jurisdiction and should remand this case to the Superior Court.

The Individual Plaintiffs have stated causes of action against Defendants under both the District of Columbia Consumer Protection Procedures Act (the "DCCPPA") and the common law. While Chans Foods, Inc. was the business entity through which Plaintiffs operated the franchise, and was therefore the party that suffered the more significant losses, the Individual Plaintiffs also suffered damages that belong to them individually. Moreover, the Individual Plaintiffs signed a personal guaranty for the Sublease (Aff., Exhibit 5), which, based on Plaintiffs' claim for the relief of rescission, make the Individual Plaintiffs proper parties. See, Aff. Exhibit 1, ¶ 31. Accordingly, neither the Individual Plaintiffs nor HSCDC were fraudulently joined; therefore, their citizenship must be considered when determining if complete diversity exists.

Because the Individual Plaintiffs and HSCDC are proper parties whose presence destroys diversity, this Court lacks subject matter jurisdiction over this matter. Accordingly, Plaintiffs' Motion to Remand should be granted, and the Blimpie Defendants' Motion should be denied as moot.

II. THIS COURT SHOULD DENY DEFENDANT 2001 B.A. REALTY, INC.'S MOTION TO DISMISS OR TRANSFER BASED ON IMPROPER VENUE BECAUSE THE SUBLEASE DOES NOT CONTAIN A FORUM SELECTION CLAUSE

Both Blimpie Defendants argue that, based on the forum selection clause contained in the Franchise Agreement (Aff, Exhibit 2), Plaintiffs' claims against the Blimpie Defendants should

4

either be dismissed or the Plaintiffs' claims against them transferred to the Southern District of New York.  See Removing Defendants' Motion, p.3.

However, only one of the Blimpie Defendants, i.e., Blimpie Associates, Ltd., executed the Franchise Agreement that contained the forum selection clause at issue.  The other Blimpie Defendant, 2001 B.A. Realty, Inc., is a separate entity from Blimpie Associates, Ltd., and does not have any rights or obligations under the Franchise Agreement.

Moreover, of the two contracts that 2001 B.A. Realty, Inc. has signed that involve the Property, neither contains a forum selection clause that allow this Court to dismiss or transfer.  That is, neither the Sublease between 2001 B.A. Realty, Inc. and Plaintiffs (Aff., Exhibit 4), nor the Lease between 2001 B.A. Realty, Inc. and HSCDC (Aff., Exhibit 3) contain a forum selection clause, let alone one that chooses a venue of the State of New York.[1]  Therefore, 2001 B.A. Realty, Inc. has no contractual basis to argue that Plaintiffs' claims against it should be dismissed or transferred.

    III.    THIS COURT SHOULD NOT TRANSFER THIS CASE TO NEW YORK BECAUSE THE FORUM SELECTION CLAUSE CANNOT IMBUE A FEDERAL COURT SITTING IN NEW YORK WITH SUBJECT MATTER JURISDICTION AND THEREFORE TRANSFER WOULD BE IMPROPER.

The Blimpie Defendants argue that since forum selection clauses are generally enforced, this Court should either dismiss this matter or transfer it to the Southern District of New York (*i.e*., the proposed transferee district).  The Blimpie Defendants' argument fails.

A transfer on the motion of defendant may be made only to those districts where plaintiff would have had the right, "independent of the wishes of the defendant," to bring the action.

---

[1] Moreover, as stated in HSCDC's Motion to Remand, HSCDC has already obtained a default judgment against 2001 B.A. Realty, Inc. on or about January 19, 2006 in the Landlord Tenant Branch of the Superior Court for the District of Columbia.  See HSCDC's Motion to Remand.

5

Hoffman v. Blaski, 363 U.S. 335, 344 (1960). Stated differently, if suit in a particular district would not have been possible, as an initial matter, because one or more defendants would not be subject to personal jurisdiction by that court or that court did not have subject matter jurisdiction, or both, even the consent by all parties would not authorize the action to be transferred to that district. This clearly establishes that consent will not permit transfer to a forum where the action could not originally have been commenced.

Just like this Court, a court in New York would not have subject matter jurisdiction to hear this case either because the parties would not be diverse. Indeed, for the same reasons as set forth more fully above, there simply is no federal court that can hear this case. Moreover, it is doubtful that HSCDC would be subject to a New York District Court's *in personam* jurisdiction because it likely did not have the minimum contacts necessary with that forum state.

Accordingly, it is would be improper for this Court to transfer this action to a District Court in New York.

IV.  **THE BLIMPIE DEFENDANTS' MOTION SHOULD BE DENIED ON PUBLIC POLICY GROUNDS**

The Blimpie Defendants' motion should also be denied on the grounds of several important public policy considerations: (1) the preservation of judicial economy; (2) the Court's of the District of Columbia have a significant interest to hear Plaintiffs' claims; and (3) because the District of Columbia has an interest in regulating corporations that fail to properly register to do business.

1. The Defendants' Motion should be denied to preserve judicial economy.

In the interest of judicial economy, this Court should not grant defendant's motion because it would thwart judicial economy concerns. Naegele v. Albers, 355 F.Supp. 2d 129 (D.D.C.2005) (stating that "litigating essentially the same issues in two separate forums is not in

6

the interest of judicial economy or in the parties' best interests") (quoting <u>Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.</u>, 274 B.R. 1, 3 (D.D.C. 2002)).

Here, the Blimpie Defendants' motion would very likely result in at least three ongoing actions that will litigate the exact same issues. First, if transfer is granted, Plaintiffs' claims against Blimpie Defendants would be heard in the Southern District of New York. Second, this Court would continue to hear Plaintiffs' claims against D.C.B.G., Inc., as these claims will remain within this Court (unless remanded). Finally, Plaintiffs' claims against HSCDC (as well as HSCDC's counterclaims and claims against 2001 B.A. Realty, Inc.) would be litigated in Superior Court in the District of Columbia. This result should not be allowed.

> 2. <u>The Courts of the District of Columbia have a significant interest in hearing this action.</u>

The District of Columbia Consumer Protection Procedures Act ("DCCPPA") is a comprehensive statute designed to provide procedures and remedies for a broad spectrum of practices which injure consumers. <u>Atwater v. District of Columbia Dep't of Consumer & Reg. Affairs</u>, 566 A.2d 462, 465 (D.C. 1989). A main purpose of the DCCPPA is to assure that a just mechanism exists to remedy all improper trade practices that injure residents. <u>See</u> D.C. Code Ann. § 28-3901(b)(1). Moreover, the DCCPPA is to "be construed and applied liberally to promote its purpose." D.C. Code Ann. § 28-3901(c). Accordingly, in order to ensure that the rights of its citizens are protected for violation of the DCCPPA, the Superior Court of the District of Columbia has a compelling interest to hear Plaintiffs' claims based upon the violation of the DCCPPA.

Moreover, the local action doctrine provides that, "'local actions' must be brought in the district where the res that is the subject matter of the action is located." <u>See</u> Charles A. Wright, Federal Courts §42, at 249 (4th ed. 1983), (noting that although the local action doctrine is

7

usually discussed as a matter of venue, some courts have treated this concept as running to the court's jurisdiction). See also, Cardenas v. Smith, 733 F.2d 909 (D.C. Cir. 1984).

This consideration should be weighed by this Court in making its determination that the proper forum is the Superior Court in the District of Columbia because the situs of the lease dispute, i.e., the Property, is here. Accordingly, the parties' claims and defenses involving the Property, the Lease and the Sublease should be decided by the courts of the District of Columbia.

### 3. The District of Columbia has an interest in regulating corporations that fail to properly register to do business

The Blimpie Defendants, as foreign corporations, were required to register prior to doing business in the District of Columbia. See D.C. Code §§ 29-101.100 et seq. The purpose of the registration requirement was to bring corporations under regulation of public officials charged with the responsibility to regulate them and to protect the public. See Hill-Lanham, Inc. v. Lightview Development Corp., 163 F.Supp. 475 (D.D.C 1957).

Here, it appears that the Blimpie Defendants failed to register to do business in the District of Columbia. Aff. ¶ 9. The Blimpie Defendants' failure to register in violation of the laws of the District of Columbia militates in favor of their being forced to answer Plaintiffs' claims in the District of Columbia, to allow the District of Columbia the opportunity to regulate the Blimpie Defendants and to protect its citizens.

## **CONCLUSION**

Based on the foregoing, the Blimpie Defendants' motion to dismiss or transfer should be denied.

Respectfully Submitted,

Dated: <u>April 14, 2006.</u>   By: *Joseph Horn*___

    Joseph Horn, Esq.
Attorney Bar No. 418448
Horn Legal, PLLC
1730 Rhode Island Avenue,
Suite 1208
Washington, D.C. 20036
202 321 0084
202 835 1557

 - and –

Scott Korzenowski, Esq.
William S. Fulton, Jr., Esq.
4000 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
(612) 359-9000

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2006, a true copy of the foregoing Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss or Transfer for Improper Venue was electronically filed to be served by the court's electronic filing rules on the following:

>Paul J. Kiernan
>Holland & Knight LLP
>2099 Pennsylvania Avenue, N.W.
>Suite 100
>Washington, D.C. 20006

>Christopher J. Wallace
>Nixon Peabody LLP
>401 9th Street, N.W., Suite 900
>Washington, D.C. 20004-2128

And that a true copy of the foregoing will be mailed by first-class mail, postage prepaid, upon the following in the above-captioned matter:

>Tarrant H. Lomax
>Tarrant H. Lomax, Esq., P.C.
>4530 Wisconsin Avenue, N.W., Ste. 200
>Washington, D.C. 20016

By: *Joseph Horn*___

Joseph Horn, Esq.