

## SUBLEASE

AGREEMENT OF SUBLEASE dated April 28, 2004, made between **2001 B.A. REALTY INC.**, a New York corporation with offices c/o Blimpie Associates, Ltd., Seven Penn Plaza, 17th Floor, New York, New York 10001 as landlord (hereinafter "Landlord") and **CHANS FOODS INC.**, a District of Columbia corporation with an address at 14110 Gabrielle Way, Centreville, Virginia 20121 as tenant (hereinafter "Tenant").

## W I T N E S S E T H

Landlord hereby leases to Tenant and Tenant hereby hires from Landlord the premises known as **Retail Center, 8th and H Streets, N.E., Washington, D.C. 20002** ("Premises"), as more particularly described in the lease dated August 26, 2002, made between H Street Community Development Corporation, Inc., as landlords, and Landlord, as tenant (hereinafter referred to as the "Major Lease"), for a term of years, commencing on the date hereof and terminating, as set forth in Section 2 hereof, upon the payment of all the sums required to be paid under the Major Lease and hereunder, all without any offset or deduction whatsoever.

NOW, THEREFORE, it is agreed:

1. The interest of the Landlord in the Premises is as the Tenant under the Major Lease. This Sublease and the leasehold created hereby are subject and subordinate to the terms, covenants and conditions of the Major Lease. Tenant agrees to pay to the Landlord under the Major Lease all rentals and additional rentals provided for therein, as more particularly described and provided for in the Major Lease, at the office of Landlord or at such place or to such agent as the Landlord may designate, subject to the terms of this Sublease.

2. Each and every term of the Major Lease is hereby incorporated into this Sublease with like effect as if herein set forth in full, except to the extent inconsistent with the terms of this Sublease, and as so incorporated the words "landlord" and "tenant" contained in the Major Lease shall be deemed to apply to Landlord and Tenant under this Sublease. This Sublease shall terminate one (1) day prior to the expiration of the Major Lease, including any extensions thereof, unless sooner terminated as provided herein.

3. Tenant may only use and occupy the Premises as a franchised Blimpie sandwich restaurant and for no other purpose. Tenant may only offer for sale Blimpie authorized products, and any other items that may be authorized in writing by the Landlord. Tenant may only install equipment in the Premises approved and authorized in writing by Landlord.

1

4.  Upon default by the Tenant herein (a) in the payment on their due date of any of the rentals and additional rentals payable under this Sublease, including, without limitation, any and all rentals and additional rentals payable pursuant to the Major Lease, or in the performance of any of the terms, covenants or conditions of the Major Lease and/or this Sublease, and the continuance of any such default beyond the expiration of any grace period provided under the Major Lease; or (b) of any term, covenant, or condition of the Blimpie Franchise Agreement hereinafter described, beyond cure period provided therein, the Landlord herein shall have the right and privilege of canceling this Sublease on ten (10) days notice, in writing to the Tenant, by certified mail, addressed to Tenant at the Premises. Upon the expiration of such ten (10) day period, the term of this Sublease shall cease in the same manner as if such date were herein expressly specified for the termination of the demised term, and the Landlord herein shall have the right to recover immediate possession of the Premises by summary proceedings or otherwise, the said Tenant in such event being, and being deemed to be, a holdover tenant.

5.  Notwithstanding any provision of the Major Lease to the contrary, Tenant shall not have the right to assign this Sublease or to sublet the Premises or any part thereof, or to license or permit the use of any part thereof by others, whether by operation of law or otherwise, without the prior written consent of Landlord. Any transfer of the corporate stock of Tenant shall be deemed an assignment of this Sublease requiring the Landlord's consent, as contained in this Section.

6.  Notwithstanding anything to the contrary contained in this Sublease, Landlord shall not be liable to Tenant, its permitted successors, assigns or subtenants, with respect to any of the affirmative covenants to be performed by Landlord under this Sublease by reason of the incorporated provisions of the Major Lease, or otherwise.

7.  Tenant agrees that, notwithstanding anything contained in this Sublease to the contrary, it will look solely to the estate and property of the Landlord in the land and building of which the Premises are a part for the satisfaction of Tenant's remedies for the collection of a judgment or other judicial process requiring the payment of money by Landlord, in the event of any default or breach by Landlord with respect to any of the terms, covenants and conditions of this Sublease to be observed and/or performed by Landlord, if any, and no other property or assets of Landlord shall be subject to levy, execution or other enforcement procedures for the satisfaction of Tenant's remedies, if any, and any principal or principals, disclosed or undisclosed, and all of the officers, directors and stockholders of the Landlord, in their individual capacity, and the Landlord, its successors and assigns, are hereby released from any liability pursuant to this Sublease, except Landlord's obligations to deliver possession of the Premises, as provided hereunder, and not to commit a breach under the Major Lease.

8.  Tenant does hereby assume the prompt and punctual payment of all rents and additional rentals payable pursuant to the terms of the Major Lease and does hereby further assume and agree to perform all the terms, covenants and conditions of the Major Lease, and hereby agrees to defend and indemnify and save Landlord, Landlord's agents, the landlord under the Major Lease and the landlord under any underlying lease harmless, burdened from all loss, cost, liability, claims, damage and expenses, including without limitation, reasonable attorneys' fees, penalties and fines, incurred in connection with or arising from (a) any default by Tenant in

2

the observance or performance of any of the terms, covenants or conditions of this Sublease and/or the Major Lease on Tenant's part to be observed or performed, and (b) the use or occupancy or manner of use or occupancy of the Premises by the Tenant or persons claiming through or under Tenant, and (c) any acts, omissions, or negligence of Tenant or any such person, or of contractors, agents, servants, employees, visitors or licensee's of Tenant, or any such person, in or about the Premises. This covenant shall survive the termination of this Sublease.

9.  Tenant agrees, and nothing contained herein shall authorize the Tenant, to attorn to the landlord under the Major Lease, or to execute any agreement which shall modify, cancel or terminate the Major Lease.

10. If Tenant shall default in the performance of any of Tenant's obligations hereunder, Landlord, without thereby waiving such default, may, at Landlord's option, without notice to Tenant, perform the same for the account of Tenant. Landlord may enter the Premises at any time to cure any default. If Landlord makes any expenditures or incurs any obligations for the payment of money, including reasonable attorneys' fees, in instituting or prosecuting or defending any action or proceeding, by reason of any default of Tenant hereunder, such sum paid or obligations incurred shall be deemed to be additional rent and shall be paid by Tenant to Landlord, together with interest at the maximum legal rate, within ten (10) days of rendition of bill to Tenant therefore.

11. Tenant acknowledges that it has read and is fully familiar with the Major Lease. Tenant agrees that it will not take any action (or fail to take any action) which will cause Landlord to be in violation of any term, covenant or agreement contained in the Major Lease.

12. Tenant is hereby authorized and directed and hereby agrees to pay directly to the landlord under the Major Lease the security deposit, rentals and additional rentals provided for in the Major Lease, however, only as the agent for the Landlord. This right shall immediately cease upon Tenant's default in the performance of any term, covenant or condition of this Sublease or upon the written request of Landlord.

13. In the event of any default on the part of Tenant under any of the terms, covenants, provisions or agreements of this Sublease or the Major Lease or any other underlying lease, Landlord shall have the same rights and remedies against Tenant under this Sublease as are available to the landlord under the Major Lease or any other landlord against Landlord under the Major Lease or any of the provisions of any underlying lease. Such rights shall not be exclusive of each other, but inclusive, at the option of Landlord.

14. Whenever Landlord is, in accordance with the provisions of the Major Lease, required to render performance or to give notice to landlord under the Major Lease within a specified time, the period during which Tenant must render such performance or give notice shall, for the purpose of this Sublease, be five (5) days less than such time. However, where such period of time is five (5) days or less pursuant to the Major Lease, Tenant shall render such performance or give such notice as promptly as is possible.

19. If the Major Lease becomes null and void, or is replaced by a new or substituted lease from the landlord under the Major Lease, its successors and assigns, whereby the Tenant assumes or obtains the interest of the tenant under such new or substituted lease, Tenant herein agrees to assign and hereby assigns to Landlord any such new lease procured by it and hereby appoints Landlord, its successors and assigns, as the Tenant's true and lawful attorney in fact, to execute and deliver any and all necessary papers and documents to effectuate the intent of this Paragraph.

**IN WITNESS WHEREOF**, the parties hereto have duly executed this Agreement of Sublease, as of the day and year first above written.

LANDLORD:

2001 B.A. REALTY INC.

By: _____
NICHOLAS LAGANO, JR.
President

TENANT:

CHANS FOODS INC.

By: _____
CHANDAR RATNAM
President

5