IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM et al., )<br>)<br>Plaintiffs, )<br>)     Civil Action No. 1:06-cv-00372-JR<br>v. )<br>)<br>BLIMPIE ASSOC. LTD, et al. )<br>)<br>Defendants. )<br>_____ ) | |

**OPPOSITION OF DEFENDANT H STREET COMMUNITY DEVELOPMENT CORPORATION TO DEFENDANTS' MOTION TO DISMISS OR TO TRANSFER VENUE**

Defendant H Street Community Development Corporation opposes the motion filed by Defendants Blimpie Associates Ltd and 2001 B.A. Realty, Inc. (collectively "Blimpie's") to transfer this case to the U.S. District Court for the Southern District of New York.

H Street CDC is in a difficult position in this matter. H Street obviously would not oppose outright dismissal of this entire action against it by either this Court or the Superior Court. But H Street does not consent to an outcome which would require it to try this matter in whole or in part in the Southern District of New York.

To review: H Street CDC filed possessory and rent claims against both Blimpie's (prime tenant) and Chans Foods (subtenant) in the Landlord-Tenant Branch of the Superior Court. The possession issues have been resolved and H Street CDC is in possession of the space. H Street is still seeking monetary damages against Blimpie's (in the L&T Branch) and Chans Foods (in the Civil Division). The present action was filed in Superior Court by Chans Foods and its principals after H Street had a judgment by default for possession against Blimpie's and before H

Street had a judgment for possession against Chans Foods. Chans' complaint seeks, among other things, rescission of the Chans sublease and of the guaranty of Chans' principals. Both the sublease obligations and the guaranty run to the benefit of H Street CDC. Chans Foods alleges fraudulent disclosure or failures to disclose by Blimpie's as well as violations of the franchise agreement by Blimpie's.

H Street has moved to remand the case to Superior Court where H Street had been poised to consolidate this action with its pending monetary action. Blimpie's opposes the remand on the grounds that H Street was fraudulently joined. Blimpie's has also filed the present motion to dismiss the case against it on the grounds of improper venue or, alternatively, to transfer the case to New York.

1.  **Venue is not proper in New York for the claims against H Street.**

The claims between Chans and H Street have no connection to the State of New York. The issues between those parties relate to a local lease for District of Columbia property, a guaranty of that obligation, and a claim that those obligations are void or voidable because of alleged fraud and other misconduct.[1] Venue could never lie in New York for these claims nor would personal jurisdiction be proper.

H Street is not a party to the Blimpie's franchise agreement. The resolution of its claims and the defense of its guaranty and sublease rights should not be subject to Blimpie's contractual agreement with its franchisee.

---

[1] In plaintiff's remand motion as well as Blimpie's opposition, all of the other parties focus on the D.C. Consumer Protection Act allegation of the Chans Food complaint. H Street CDC agrees that that count of the Chans Food complaint fails to state a claim against H Street since the D.C. Consumer Protection Act applies only to consumer transactions, which this plainly is not. But that does not necessarily mean that the remaining common-law counts -- as well as the requested relief of rescission -- fall within the "fraudulent joinder" test cited by Blimpie's.

2

### 2. Transfer is a serious inconvenience to H Street.

H Street Community Development Corporation "is a non-profit service organization devoted to strengthening small-business enterprises, expanding affordable housing opportunities, developing commercial centers, and providing training to empower people to achieve prosperity for themselves and their families." (http://www.hstreetcdc.org/about.html#structure).  H Street has been pursuing Blimpie's and Chans to recover the unpaid rent from these parties.  H Street is a small, local organization and it would be a significant inconvenience to have to litigate any portion of this case in New York, even assuming the transferring court would have jurisdiction to adjudicate claims involving H Street.

Moreover, transferring this case to New York would multiply the problems rather than resolve them since H Street would still be pursuing its monetary claims against Blimpie's and Chans Foods in Superior Court while a related litigation -- which might or might not affect the collectability of an eventual H Street judgment -- is ongoing in New York.

Blimpie's has consistently ignored H Street CDC, by ignoring H Street's possessory complaint in the Landlord-Tenant Branch, then by not seeking H Street's consent to removal, then by failing to serve H Street with the notice of removal, then by opposing the remand, and now by seeking to have the case transferred to Manhattan.  Indeed, nowhere in the motion to dismiss or transfer does Blimpie's discuss the impact on H Street of the proposed transfer. Blimpie's has failed to carry its burden of demonstrating that the balance of convenience relating to H Street CDC is met by the transfer to New York.

At bottom, while H Street does not believe that Chans Foods will prevail on its arguments seeking to upset the sublease or the guaranty, those are local law issues. The request by Chans Foods and its principals to avoid their obligations is a local matter to which H Street is a necessary and proper party. Those matters should be heard in Superior Court.

Respectfully submitted,

/s/ Paul J. Kiernan

Paul J. Kiernan (#385627)
HOLLAND & KNIGHT, LLP
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)

# 3728287_v1