03/09/2004  09:15  7033278900                                                    PAGE  03

## AGREEMENT OF SALE

This AGREEMENT OF SALE, dated March 9th, 2004 is made by and between Nizam M Ali, ("Seller"), and Chandar Ratnam, ("Purchaser").

## PREAMBLE

Seller has rights as a franchisee to operate a Blimpie Subs and Salad Franchise located at 717 "H" Street NE, Washington DC 2002 ("Premises"). As the Blimpie franchisee, Seller has the rights to operate a Blimpie Subs and Salad at said Premises pursuant to a Blimpie Franchise Agreement entered into _March 9_, 2004.

Seller is the owner of all the Required Permits to perform construction at this location, architectural drawing to be used to perform the construction of this location, All rents and security deposits owed to Landlord through March 31, 2004 for this location. All commission due for the sale of this location.

Seller desires to sell to Purchaser and Purchaser desires to purchase from Seller, for the price and subject to and upon the terms and conditions hereinafter set forth, Seller's interest in the Business, including the License Agreement to occupy the Premises, the Blimpie Franchise Agreement, and the Chattels, (hereinafter collectively referred to as the "Assets").

NOW, THEREFORE, in consideration of the matters set forth in the Preamble and the mutual covenants and conditions hereinafter contained the parties hereto hereby agree as follows:

1.  **Sale of Assets**

Seller agrees to sell and hereby sells to Purchaser and Purchaser agrees to purchase and hereby purchases from Seller, the Assets, for the price and subject to and upon the terms and conditions hereinafter set forth.

2.  **Purchase Price**

The purchase price for the Assets of the Business is the sum of $35,000.00 ( thirty five thousand dollars ). $20,000.00 payable to seller on the date of closing, $15,000.00 (fifteen thousand dollars ) paid at the completion of the construction.

**Adjustments and Apportionments**

N/A

4.  **Equipment, Furniture, and Trade Fixtures**

N/A

5.  **License(s)**

At Closing, Seller shall assign to Purchaser all of his right, title and interest in and to the Premises of the Business, as set forth in the License(s), a copy of which have been delivered to the Purchaser and Closing attorney, subject to the consent of the Licensor, and if applicable, the Subcontractor and Contractor of the Premises. Purchaser acknowledges that Seller has made no representation relating to the Premises or the condition thereof.

6.  **Franchise Agreements**

At Closing, Seller shall assign to Purchaser all of his right, title and interest

in and to the Blimpie Franchise Agreement and License and Assumption

Agreement, copies of which have been delivered to the buyers, subject to the consent of Franchisors, which consent shall be conditioned upon, among other items, the execution by Purchaser of a Blimpie Franchise Agreement in its current form.

7. **Warranties and Representations of Seller**

Seller warrants and represents that:

    a. Seller is in possession of the Premises pursuant to the aforementioned License Agreement, which are in full force and effect and are free from any liens or encumbrances. Seller makes no warranty or representations as to the condition of the Premises, and Purchaser agrees to accept the same "as is."

    b. Seller is operating, or has rights to operate, the Business, pursuant to the Franchise Agreement and the Franchise Agreement, shall on the Closing be in full force and effect and free from any liens or encumbrances except the obligation, as described in Section 4 above.

    d. This Agreement of Sale constitutes a valid and binding obligation of Seller in connection with the transactions contemplated hereunder and the performance by Seller of his obligations hereunder represents valid and binding obligations of Seller and is enforceable against Seller.

    e There are no actions, suits, proceedings or violations known to Seller which are pending or threatened against or affecting the Business or the Premises, which might prevent this transaction.

f.  Purchaser shall not be obligated to assume any executory agreements other than those expressly contemplated pursuant to this Agreement of Sale, e.g. the Franchise Agreement, bill of sale, and any assignment documents to effectuate any transfer of licenses and other rights from the Seller to the Purchaser.

g.  The foregoing warranties and representations shall be true as of the Closing, and for a period of one (1) year subsequent to the Closing, as if such warranties and representations were made as of such date.

8.  **Warranties and Representations of Purchaser**

Purchaser warrants and represents that on the Closing date, Purchaser is a corporation in good standing in the State of Virginia, and that this Agreement of Sale and the transactions contemplated thereunder constitute authorized and binding obligations of Purchaser, the performance of which are enforceable against Purchaser.

9.  **Allocation of Purchase Price**

The parties agree that the allocation of the purchase price shall be determined by the purchaser's accountants within thirty (30) days of the date of Closing. Further, Purchaser agrees to pay any sales tax incident to this transaction; which obligation shall survive the Closing.

10. **Closing**

The consummation of the purchase and sale herein contemplated shall take place on or before _____.

11. **Notice**

All notices, demands or other communications and the mailing of all notices provided for hereunder shall be deemed to have been properly given only if mailed by registered or certified mail, postage prepaid, to the addresses set forth above. Seller and Purchaser may designate a different address by notice sent to the other parties hereto pursuant to the requirements set forth in this Section.

12. **Non-Assignability**

This Agreement may not be assigned by either party.

13. **Covenants of the Parties**

The parties shall, prior to or after the Closing, at the request of either of them, execute and deliver such other instruments and do and perform such other reasonable acts and things as may, in the opinion of counsel, be necessary or desirable for effecting complete consummation of this Agreement and the transactions herein contemplated.

14. **General Provisions**   This agreement constitutes the entire Agreement between the parties and cannot be changed orally but only by an agreement in writing signed by the party against whom enforcement of any such change is sought. No representation, warranty or promise pertaining to this Agreement or transaction has been made by or shall be binding upon any of the parties, except as expressly stated in this Agreement.

15. **No Reliance**

All understandings and agreements heretofore had between the parties hereto are merged in this Agreement, which alone fully and completely expresses this Agreement. Purchaser represents and agrees that in the making and execution of this Agreement, Purchaser has not relied upon or been induced by any statements or representations, other

than those expressly set forth in this Agreement, or of any person in respect of the property, income, expenses, profit or loss from the operation of the Business at the Premises.

18. **Governing Law.**   This Agreement shall be governed by the law of the District of Columbia.

19. **Successors and Assigns.**   This Agreement shall bind and inure to the benefit of all assigns and successors.

**IN WITNESS WHEREOF**, the parties hereto have duly executed and delivered this Agreement the day and year first written above.

**SELLER:**
Nizam M. Ali

WITNESS _____   By: _____
ZAKia ALUL                              Nizam M. Ali

**PURCHASER:**

Chandar Ratnam

WITNESS: _____   By: _____
SHAHIDA PERVEEN                         Chandar Ratnam