## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM, ASHA CHANDAR, CHANS FOODS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> BLIMPIE ASSOCIATES LTD., 2001 B.A. REALTY, INC., D.C.B.G., INC., and H STREET COMMUNITY DEVELOPMENT CORPORATION, INC., <br><br> Defendants. | CIVIL ACTION NO. <u>1:06-cv-00372-JR</u> |

## PLAINTIFFS' REPLY MEMORANDUM TO BLIMPIE ASSOCIATES, LTD. AND 2001 B.A. REALTY, INC.'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION AND CROSS MOTION

Chandar Ratnam, Asha Chandar and Chans Foods, Inc. (collectively "Plaintiffs") file this Reply Memorandum to Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc.'s (collectively the "Blimpie Defendants") Memorandum in Opposition to Plaintiffs' Motion for Reconsideration and Cross Motion to Dismiss (the "Cross Motion"). When applying the proper standard to determine fraudulent joinder, this Court is compelled to find that Chandar Ratnam, Asha Chandar and Defendant H Street Community Development Corporation, Inc. ("HSCDC") were not fraudulently joined. Because these parties were not fraudulently joined, complete diversity does not exist, and this Court lacks subject matter jurisdiction.

I.    **This Court requested the parties submit motions for reconsideration due to the lack of diversity.**

The Blimpie Defendants argue that the Motion to Reconsider should be denied because Plaintiffs raise no new facts, point to no intervening changes of law, and there was no clear error.  Cross Motion, p.2.

The Blimpie Defendants ignore that this Court previously stated that it would entertain motions for reconsideration due to the lack of diversity in this case.  That is, this Court recognized that, due to the presence of non-diverse parties, subject matter jurisdiction was lacking.  Plaintiffs therefore submitted their Motion to Reconsider in response to this Court's request.

II.    **The Blimpie Defendants cannot meet their exceedingly high burden to demonstrate fraudulent joinder.**

The Blimpie Defendants argue that Chandar Ratnam, Asha Chandar and HSCDC were all fraudulently joined.[1]  To demonstrate fraudulent joinder, the Blimpie Defendants must meet an exceedingly high burden, and show that "(1) there is <u>no possibility</u> the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the … defendant into state court." *In re Tobacco/Governmental Health Care Costs Litigation*, 100 F.Supp.2d 31, 40 (D.D.C. 2000) (emphasis added).  This Court is to resolve all issues of fact and law in Plaintiffs favor, even if there is only a possibility of a successful claim.

> The burden on the defendant claiming fraudulent joinder is heavy: <u>the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the</u>

---

[1]    For this Court to have subject matter jurisdiction, the Blimpie Defendants must show that <u>all three parties</u> were fraudulently joined; the continued presence of any one of the three will destroy diversity and divest this Court of subject matter jurisdiction. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (U.S. 1996).

2

plaintiff's favor.  A claim need not ultimately succeed to defeat removal;
only a possibility of a right to relief need be asserted.

*Marshall v. Manville Sales Corp.*, 6 F.3d 229 (4th Cir. 1993) (emphasis added) (citations omitted).

### III.    The Individual Plaintiffs have affirmative claims to rescind the guaranty contacts

The Blimpie Defendants admit that Chandar Ratnam and Asha Chandar (the "Individual Plaintiffs") signed two personal guarantees in favor of HSCDC and Blimpie Associates, Ltd., through which the Individual Plaintiffs guaranteed performance of the Sublease and Franchise Agreement respectively.  Cross Motion, p.3.  The Blimpie Defendants argue, however, that the Individual Plaintiffs do not have an affirmative right to assert claims based on these contracts, i.e., they cannot be plaintiffs and were therefore fraudulently joined.  Interestingly, the Blimpie Defendants support this proposition by arguing that, because the cases cited by Plaintiffs in the Motion to Reconsider do not stand for the proposition that a guarantor has an affirmative right to seek relief under a guarantee contract, one cannot exist.  Cross Motion, p.5.  The Blimpie Defendants fail to cite any authority or provide any other explanation.

Not surprisingly, the Blimpie Defendants are incorrect.  Guarantees are simply contracts, and like all other contracts, a party can affirmatively seek to relieve themselves of performance under the contract.  *See, e.g., Capital Bank v. Engar,* 545 So. 2d 317 (Fla. Ct. App. 1989) (affirming a guarantor's right to affirmatively seek declaratory judgment that it was not obligated to perform under guaranty); *Gazza v. United California Bank Int'l,* 451 N.Y.S.2d 806, (N.Y. App. Div. 1982) (holding that a creditor's claim was time barred because it was not answered in response to the

guarantor's original affirmative action, thus affirming the guarantor's right to bring an affirmative action for relief).

Accordingly, the Individual Plaintiffs can seek affirmative relief from obligations under the guarantees, and the Blimpie Defendants cannot demonstrate that the Individual Plaintiffs have "no possibility" of establishing causes of action.

### IV.    Plaintiffs can states claims for violation of the DCCPPA against HSCDC and the other Defendants

The Blimpie Defendants argue that "as a matter of law" Plaintiffs do not have a claim under the District of Columbia Consumer Protection Procedures Act, D.C. Code Ann. §§ 28-3901 *et seq.* (the "DCCPPA"). That statement alone should be dispositive; the Blimpie Defendants are required to show that there is "no possibility" that Plaintiffs can state a DCCPPA claim against HSCDC, not that they are entitled to judgment as a matter of law.

The Blimpie Defendants argue that, because Plaintiffs bought a franchise, they cannot, as a matter of law, be consumers under the DCCPPA.[2]  Cross Motion, p.5-8. The DCCPPA expressly includes franchises (as well as real estate transactions) within its definition of "goods and services".

> "Goods and services" means any and all parts of the economic output of society, at any stage related or necessary point in the economic process, and includes

---

[2]    The Blimpie Defendants cite several cases for the proposition that "commercial" purchasers cannot state a claim under the DCCPPA. Plaintiffs do not argue that the DCCPPA does not apply to commercial transactions; Plaintiffs instead argue that purchasers of franchises are retail consumers, not merchants. The Blimpie Defendants fail to cite any case that involves the sale of a franchise or a business opportunity, both of which are expressly included within the DCCPPA's definition of "goods and services." Accordingly, the cases cited in the Cross Motion are inapplicable to the sale of a franchise, and are of no value to this Court's determination.

consumer credit, <u>franchises,</u> business opportunities, <u>real estate transactions</u>, and consumer services of all types.

D.C. Code Ann., § 28-3901(7) (emphasis added).

For there to be "no possibility" of a claim under the DCCPPA, this Court must ignore the express language of the statute and employ a tortured construction of the statute. To conclude that the DCCPPA does not apply to the sale of franchises requires one to reason that that the drafters of the DCCPPA first defined "good and services" broadly in Section 28-3901(6) (going out of their way to include franchises within the definition), when that definition was intended to have no effect. Instead, the DCCPPA was limited to be limited to only "consumer goods and services," which is a distinct subset that does not include franchises.[3] Such a result flies in the face of rules of statutory construction. *In re Surface Min. Regulation Litigation*, 627 F.2d 1346, (D.C. Cir. 1980) ("It is, however, a fundamental principal of statutory construction that '<u>effect must be given, if possible, to every word, clause and sentence of a statute</u>' . . . so that no part will be inoperative or superfluous, void or insignificant.")(emphasis added)(citations omitted).

This logic is further belied by the legislative history of the DCCPPA, which shows that the definition of "goods and services" was to be broad, and defined "good and services" using the term "consumer."

---

[3] A franchise, by definition, is an ongoing commercial relationship in which the alleged franchisee sells goods, commodities, or services to persons other than the alleged franchisor where the goods, commodities, or services are identified by the service mark, trade mark, or advertising or other commercial symbol of the alleged franchisor. 16 C.F.R. § 436.2(a)(1).

6. "trade practice" is <u>any economic act between a consumer and a merchant</u>.

7. "goods and services" <u>are the subject matter of any trade practice, including any action normally considered only incidental to the supply of goods and services to consumers</u>....

Committee Report, Bill 1-253, March 12, 1976, p.14 (emphasis added) (Exh. B to Motion to Reconsider).

This legislative history (which the Blimpie Defendant do not address) demonstrates that drafters of the DCCPPA did not intend for there to be two definitions, i.e., "goods and services" and "consumer goods and services." Instead, the drafters of the DCCPPA intended there to be only one, broad definition for "goods and services" that included franchises.

The bottom line is that the parties are simply arguing over statutory construction, and both sides have colorable arguments to support their positions. However, the mere existence of colorable arguments on both sides means that the Blimpie Defendants have failed to meet their high burden to show that Plaintiffs' claims against HSCDC (and other Defendants) for violation of the DCCPPA were fraudulently joined.

## V. Conclusion

The Blimpie Defendants are unable to meet the high burden to demonstrate fraudulent joinder of Asha Chandar, Chandar Ratnam and HSCDC. The presence of these parties destroys diversity, and this Court therefore lacks subject matter jurisdiction. Accordingly, Plaintiffs' Motion to Reconsider should be granted and the Cross Motion denied.

Respectfully submitted,

Dated: __July 26, 2006____

By: _____/s/_____
    Joseph Horn, Esq.
Attorney Bar No. 418448
Horn Legal, PLLC
1730 Rhode Island Avenue,
Suite 1208
Washington, D.C. 20036
202 321 0084
202 835 1557

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was faxed and mailed by certified mail, return receipt requested, on July 26, 2006, to the Defendants.

_____/s/_____
Joseph Horn, Attorney for Plaintiffs