## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

CHANDAR RATNAM, ASHA CHANDAR,
and CHANS FOODS, INC.,

                Plaintiffs,

v.

BLIMPIE ASSOCIATES, LTD., 2001 B.A.
REALTY, INC., D.C.B.G., INC., and H
STREET COMMUNITY DEVELOPMENT
CORPORATION, INC.,

                Defendants.

CIVIL ACTION NO. <u>1:06-cv-00372-JR</u>

## ANSWER OF DEFENDANTS
## BLIMPIE ASSOCIATES, LTD. AND 2001 B.A. REALTY, INC.

Defendants Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc. (collectively, "Blimpie"),

by and through their undersigned counsel, hereby answer plaintiffs' Complaint for Consumer

Protection Violations, Breach of Contract, Fraud, Negligence, and Unjust Enrichment

("Complaint").

## FIRST DEFENSE

Blimpie answers the allegations set forth in the separately numbered and labeled

paragraphs of the Complaint below.  To the extent that any specific allegation in the Complaint is

not addressed below, that allegation is denied.  All section headings are taken from the

Complaint and are included for reference purposes only.

## NATURE OF ACTION

This unnumbered paragraph contains no factual allegations to which a responsive pleading is required. To the extent this unnumbered paragraph contains factual allegations, those allegations are denied.

## PARTIES

1.      Blimpie admits that Chans Foods, Inc. signed a Franchise Agreement dated April 28, 2004 with Blimpie Associates, Ltd., signed a Sublease dated April 28, 2004 with 2001 B.A. Realty, Inc. and that Chandar Ratnam and Asha Chandar personally guaranteed performance of both the Franchise Agreement and Sublease. Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint.

2.      Admitted.

3.      Admitted.

4.      Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6.      Paragraph 6 of the Complaint states a conclusion of law to which no responsive pleading is required.

7.      Paragraph 7 of the Complaint states a conclusion of law to which no responsive pleading is required. To the extent Paragraph 7 of the Complaint contains factual allegations, those allegations are denied.

8.      Paragraph 8 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 8 of the Complaint contains factual allegations, those allegations are denied.

9.      Paragraph 9 of the Complaint states a conclusion of law to which no responsive pleading is required.

10.      Paragraph 10 of the Complaint states a conclusion of law to which no responsive pleading is required.

11.      Paragraph 11 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 11 of the Complaint contains factual allegations, those allegations are denied.

## FACTS

12.      Admitted.

13.      Denied.

14.      Blimpie admits that Blimpie International, Inc. licenses certain trademarks to Blimpie Associates, Ltd. and that Blimpie Associates, Ltd. is a New York corporation that was founded in 1989.  Blimpie admits that Blimpie Associates, Ltd. offers for sale restaurant franchises in Delaware, Maryland, New Jersey, New York, Pennsylvania, Virginia and the district of Columbia.  Blimpie denies the remaining allegations contained in Paragraph 14 of the Complaint.

15.      Denied.

- 4 -

**The Dispute**

16. Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first three sentences of Paragraph 16 of the Complaint. Blimpie denies the remaining allegations in Paragraph 16 of the Complaint.

17. Blimpie admits that, before 2001 B.A. Realty, Inc. signed the lease dated August 26, 2002, Blimpie was aware of opposition by some members of the local Advisory Neighborhood Commission to the opening of a fast food restaurant at 8th and H Street, N.E., Washington, D.C. Blimpie denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. Blimpie admits that Peter DeCarlo attending a meeting with representatives of the ANC to address their concerns about a fast food restaurant opening at 8th and H Street, N.E., Washington, D.C. Blimpie denies the remaining allegations contained in Paragraph 18 of the Complaint.

19. Blimpie admits that during his meeting ANC representative, Peter DeCarlo discussed the reasons why a Blimpie restaurant would be good use of certain space at 8th and H Street, N.E and that certain ANC representatives voiced concern over a Blimpie restaurant at that location. Blimpie denies the remaining allegations contained in Paragraph 19 of the Complaint.

20. Blimpie admits that Peter DeCarlo stated "I go where we can succeed, where I don't see 15 brand-name stores competing for your fast-food dollar" or words to that effect. Blimpie denies the remaining allegations contained in Paragraph 20 of the Complaint.

21. Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

10045540.1

22.     Blimpie admits that 2001 B.A. Realty, Inc. entered into a lease with H Street Community Development Corp., Inc. ("HSCDC") dated August 26, 2002 and that 2001 B.A. Realty, Inc. entered into a sublease with Munni Enterprises, Inc.  Blimpie further admits that Munni Enterprises, Inc. executed a franchise agreement with Blimpie Associates, Ltd. for the operation of a Blimpie restaurant located at 8th and H Street, N.E., Washington, D.C.  Blimpie denies the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Blimpie admits that Munni Enterprises did not "build out" the Leased Premises for use as a Blimpie restaurant.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

**The Plaintiffs' Involvement**

24.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 25 of the Complaint.  Blimpie neither admits nor denies the truth of the remaining allegations of Paragraph 25 of the Complaint but states that the website speaks for itself.

26.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28.     Paragraph 28 of the Complaint states conclusions of law to which no responsive pleading is required.  To the extent Paragraph 28 of the Complaint contains factual allegations, those allegations are denied.

10045540.1

29.     Blimpie neither admits nor denies the allegations in Paragraph 29 of the Complaint, but states that the document referred to therein speaks for itself.

30.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Blimpie admits that Chans Foods, Inc. executed a Sublease with 2001 B.A. Realty, Inc., a Franchise Agreement with Blimpie Associates, Ltd and that Chandar Ratnam and Asha Chandar signed a Guaranty dated April 28, 2004 in favor of HSCDC.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32.     Blimpie admits that it allows certain franchisees to co-brand with Noble Romans Pizza and that it approved Chans Foods, Inc.'s request to co-brand with Noble Romans Pizza at the Leased Premises.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint.

33.     Blimpie admits that it never spoke about zoning concerns with plaintiffs because the Franchise Agreement and Sublease made such compliance with any applicable zoning regulations plaintiffs; sole responsibility.  Blimpie denies the remaining allegations in Paragraph 33 of the Complaint.

34.     Blimpie admits that it did not provide plaintiffs with instruction on how to build-out and/or construct the Leased Premises to make the Leased Premises compliant with the zoning regulations.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 35 of the Complaint.  Blimpie denies the allegations in the second sentence of Paragraph 35 of the Complaint.

36.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Blimpie neither admits nor denies the allegations in Paragraph 37 of the Complaint, but states that the document referred to therein speaks for itself.

38.     Blimpie admits that it did not send a representative to attend a DCRA hearing on October 12, 2004.  Blimpie neither admits nor denies the allegations in Paragraph 38 of the Complaint regarding the DCRA's Order, but states that the document referred to therein speaks for itself.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 38 of the Complaint.

39.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

## DEFENDANTS' REPRESENTATIONS TO PLAINTIFFS

43.    Paragraph 43 of the Complaint states conclusions of law to which no responsive pleading is required.  To the extent Paragraph 43 of the Complaint contains factual allegations, those allegations are denied.

## PLAINTIFFS' RELIANCE

44.    Blimpie denies that Chans Foods, Inc. paid it an initial franchise fee.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 of the Complaint.

45.    Blimpie neither admits nor denies the allegations in Paragraph 45 of the Complaint, but states that the document referred to therein speaks for itself.

## THE FALSITY OF DEFENDANTS' REPRESENTATIONS

46.    Denied.

47.    The first two sentences of Paragraph 47 of the Complaint state conclusions of law to which no responsive pleading is required.  Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the final sentence of Paragraph 47 of the Complaint.

## BREACHES OF CONTRACT AND OTHER DUTIES

48.    Paragraph 48 of the Complaint states conclusions of law to which no responsive pleading is required.  To the extent Paragraph 48 of the Complaint contains factual allegations, those allegations are denied.

49.    The first sentence of Paragraph 49 of the Complaint states conclusions of law to which no responsive pleading is required.  Blimpie lacks knowledge or information sufficient to

form a belief as to the truth of the allegation in the final sentence of Paragraph 49 of the

Complaint.

**COUNT ONE**
**VIOLATION OF THE DISTRICT OF COLUMBIA CONSUMER**
**PROTECTION PROCEDURES ACT §§ 28-3901, ET SEQ.**

50.     Blimpie repeats its answers to the preceding paragraphs in response to Paragraph

50 of the Complaint.

51.     Paragraph 51 of the Complaint states a conclusion of law to which no responsive

pleading is required.  To the extent Paragraph 51 of the Complaint contains factual allegations,

those allegations are denied.

52.     Paragraph 52 of the Complaint states a conclusion of law to which no responsive

pleading is required.  To the extent Paragraph 52 of the Complaint contains factual allegations,

those allegations are denied.

53.     Paragraph 53 of the Complaint states a conclusion of law to which no responsive

pleading is required.  To the extent Paragraph 53 of the Complaint contains factual allegations,

those allegations are denied.

54.     Paragraph 54 of the Complaint states a conclusion of law to which no responsive

pleading is required.  To the extent Paragraph 54 of the Complaint contains factual allegations,

those allegations are denied.

55.     Paragraph 55 of the Complaint states a conclusion of law to which no responsive

pleading is required.  To the extent Paragraph 55 of the Complaint contains factual allegations,

those allegations are denied.

56.     Paragraph 56 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 56 of the Complaint contains factual allegations, those allegations are denied.

57.     Paragraph 57 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 57 of the Complaint contains factual allegations, those allegations are denied.

58.     Blimpie lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

### COUNT TWO
### COMMON LAW FRAUD

59.     Blimpie repeats its answers to the preceding paragraphs in response to Paragraph 59 of the Complaint.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Paragraph 63 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 63 of the Complaint contains factual allegations, those allegations are denied.

### COUNT THREE
### NEGLIGENT MISREPRESENTATION

64.     Blimpie repeats its answers to the preceding paragraphs in response to Paragraph 64 of the Complaint.

65.     Denied.

66.     Denied.

10045540.1

67.    Denied.

68.    Paragraph 68 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 68 of the Complaint contains factual allegations, those allegations are denied.

## COUNT FOUR
## BREACH OF CONTRACT AND THE COVENANT OF
## GOOD FAITH AND FAIR DEALING

69.    Blimpie repeats its answers to the preceding paragraphs in response to Paragraph 69 of the Complaint.

70.    Paragraph 70 of the Complaint states a conclusion of law to which no responsive pleading is required.  To the extent Paragraph 70 of the Complaint contains factual allegations, those allegations are denied.

71.    Denied.

72.    Denied.

## COUNT FIVE
## UNJUST ENRICHMENT

73.    Blimpie repeats its answers to the preceding paragraphs in response to Paragraph 73 of the Complaint.

74.    Denied.

75.    Denied.

## SECOND DEFENSE

Plaintiffs have failed to state a claim against Blimpie upon which relief may be granted.

## THIRD DEFENSE

Plaintiffs have failed to join a necessary party.

## FOURTH DEFENSE

Plaintiffs' claims are barred by their contributory negligence.

## FIFTH DEFENSE

Blimpie owed no duty to plaintiffs.

## SIXTH DEFENSE

Plaintiffs Ratnam and Chandar lack standing.

## SEVENTH DEFENSE

Plaintiffs failed to mitigate their damages.

## EIGHTH DEFENSE

Plaintiffs are not "consumers" pursuant to D.C. Code Ann., § 28-3904(a)(2).

## NINTH DEFENSE

Execution of the Franchise Agreement, Lease, Sublease, and Guaranty is not a "trade practice" pursuant to D.C. Code Ann., § 28-3904(a)(6).

## TENTH DEFENSE

The Franchise Agreement, Lease, Sublease, and Guaranty are not "goods and services" pursuant to D.C. Code Ann., § 28-3904(a)(7).

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of waiver.

## TWELFTH DEFENSE

Plaintiffs' claims are barred by the doctrine of estoppel.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

## FOURTEENTH DEFENSE

Plaintiffs materially breached one or more contracts with Blimpie and breached its

implied duties under such contracts.

## FIFTEENTH DEFENSE

Plaintiffs' damages, if any, were caused by plaintiffs' own actions and/or failure to act.

## SIXTEENTH DEFENSE

Plaintiffs' damages, if any, were not proximately caused by Blimpie.

## SEVENTEENTH DEFENSE

Plaintiffs' claims are barred by set-off and/or recoupment.


Respectfully submitted,

**BLIMPIE ASSOCIATES, LTD. and
2001 B.A. REALTY, INC.,**
By their attorneys,


_____/s/_____
Christopher J. Wallace (Bar No. 476942)
Arthur L. Pressman (pro hac vice)
Gregg A. Rubenstein (pro hac vice)
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, D.C. 20004
(202) 585-8080

Dated: July 28, 2006