IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BLIMPIE ASSOC. LTD, et al. )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:06-cv-00372-JR |

**DEFENDANT H STREET COMMUNITY DEVELOPMENT CORPORATION'S
<u>MOTION TO DISMISS</u>**

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant H Street Development Corporation ("HSCDC") moves to dismiss Plaintiffs' Complaint for Consumer Protection Violations, Breach of Contract, Fraud, Negligence, and Unjust Enrichment ("Complaint") for the following reasons:

1. HSCDC has no duty of care toward Plaintiffs;

2. The express terms of the Lease and Sublease discharge any duty that could possibly exist toward Plaintiffs; and

3. The DC Consumer Protection Act does not apply to the leasing of real property or the execution of a Guaranty by a merchant.

In support of this Motion, HSCDC relies upon the attached Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint.

In accordance with Local Rule 7(m), the undersigned counsel states that he attempted to obtain Defendants' consent to this motion but was unsuccessful in obtaining such consent.

2

Dated: July 31, 2006

Respectfully submitted,

*/s/ Paul Kiernan*

Paul J. Kiernan (#385627)
HOLLAND & KNIGHT, LLP
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:06-cv-00372-JR |
| v. ) | |
| ) | |
| BLIMPIE ASSOC. LTD, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT OF H STREET
COMMUNITY DEVELOPMENT CORPORATION'S MOTION TO DISMISS**

I.  STATEMENT OF THE CASE

  A.  Facts of the Case

The issues involved in this case arise from a Lease Agreement (the "Lease") executed on August 26, 2002, between Defendant H Street Community Development Corporation ("HSCDC") as Landlord and 2001 B.A. Realty, Inc. (d/b/a Blimpie) as Tenant for space located at 777 H Street, N.E., Washington, D.C. (the "Leased Premises"). The Lease allowed 2001 B.A. Realty to not only sublease the entire Leased Premises but to replace any subtenant at its discretion. See Lease at p. 25, attached hereto as Exhibit A. According to the express provisions of the Lease, Defendant HSCDC could not unreasonably withhold its consent to 2001 B.A. Realty's replacement of the subtenant if certain conditions were met – one of which called for "the proposed subtenant [to] execute[] and deliver[] to Landlord its guaranty of this Lease, in the form of the Guaranty." See id.  The Lease also stated in no uncertain terms that "Tenant shall comply with any and all laws and regulations, including but not limited to zoning laws and the ADA, applicable to the Premises, or to Tenant's use of the Premises, or to Tenant's use of the

Common Areas. See id. at p.12. Further the Lease burdened the Tenant with "mak[ing] any and all changes or improvements to the Premises" required by the above laws and regulations. See id.

On April 28, 2004, 2001 B.A. Realty, Inc. and Chans Foods, Inc. executed a Sublease for the Leased Premises, which incorporated by reference all the terms of the Lease.[1] See Sublease at p. 1 attached to the Complaint as Exhibit B. On the same day, Chans Food, Inc. executed a Franchise Agreement with Blimpie Associates, Ltd. and Chandar Ratnan and Asha Chandar executed a Guaranty in favor of Defendant HSCDC as required by the Lease and Sublease. Following execution of the above mentioned documents, Plaintiffs took possession of the Leased Premises, began construction, and soon thereafter applied for and received a certificate of occupancy. On May 22, 2004, Plaintiffs opened for business at the Leased Premises.

On October 12, 2004, however, after notifying Plaintiffs that an objection had been filed regarding their certificate of occupancy, the Department of Consumer and Regulatory Affairs ("DCRA") held a hearing on whether the certificate was issued in error. The DCRA found that the certificate was indeed issued in error and revoked the certificate of occupancy. Plaintiffs, however, did not appeal the DCRA's Order or modify its business operations at the Leased Premises to comply with the applicable zoning laws and regulations. Instead, Plaintiffs opted to cease business operations at the Leased Premises in violation of its Sublease.

### B. Procedural History

On December 22, 2005, HSCDC filed two complaints for possession in the Landlord and Tenant Branch of the Superior Court for the District of Columbia in connection with the Leased

---

[1] 2001 B.A. Realty, Inc. had initially executed a Sublease for the Leased Premises with Munni Enterprises, Inc. ("Munni") whose principal, Nizam M. Ali, had initially executed a Guaranty in favor of Defendant HSCDC. In or around April 28, 2004, Munni and Chans Foods, Inc. executed an Assignment and Assumption of Sublease, which transferred Munni's rights in the Leased Premises to Chans Foods, Inc.

2

Premises – one against the Tenant, 2001 B.A. Realty, Inc., and one against the Sub-tenant, Chans Foods, Inc. On January 19, 2006, the Court, in <u>H Street v. 2001 B.A. Realty, Inc.</u>, L&T No. 045524-05, entered a default judgment of possession against 2001 B.A. Realty for its failure to appear at the initial hearing. The case is still pending before the Landlord-Tenant Division of the Superior Court on the remaining issues.

On January 18, 2006, Chans Foods – the defendant in <u>H Street v. Chans Foods, Inc.</u>, L&T No. 045523-05, filed Defendants' Answer to Complaint for Possession of Real Estate containing six affirmative defenses as well as three counterclaims for setoff or recoupment against HSCDC. Chans Foods, Inc. also filed a Motion to Dismiss the Complaint.

In further response to HSCDC's complaint for possession, Chans Foods, Inc. along with Chandar Ratnam and Asha Chandar (the "Guarantors") filed a complaint in the Civil Division of the Superior Court for the District of Columbia raising, *inter alia*, a violation of the D.C. Consumer Protection Act, breach of contract, negligent misrepresentation, and common law fraud. <u>See</u> Notice of Removal at ¶¶ 14-17. On February 27, 2006, HSCDC and Chans Foods filed, in the Landlord and Tenant case, a Stipulation of Possession and Joint Motion to Transfer Case to the Civil Division of Superior Court, which was granted. While Chans Foods and HSCDC discussed consolidating the newly transferred Landlord and Tenant case to the case pending in the Superior Court, Co-Defendants Blimpie's, 2001 B.A. Realty, and DCBG removed the case to this Court. Defendant HSCDC and Plaintiffs moved to remand this case back to Superior Court but this court denied the motions and requested dispositive motions from Defendants.

### C.  Plaintiffs' Allegations in the Complaint

In Count One, Plaintiffs allege that HSCDC, as well as the other defendants, violated the District of Columbia Consumer Protection Procedures Act ("CPPA"). In particular, the Complaint alleges that HSCDC violated the CPPA by omitting to tell "Plaintiffs that Defendants knew that the Leased Premises were not zoned for use as a fast food restaurant such as Blimpie." Complaint at p.16. Plaintiffs allege that HSCDC further violated the CPPA by failing to tell them that "[it] had knowledge that there was neighborhood opposition to the use of the Leased Premises as a fast food restaurant based on the zoning of the Leased Premises." See id. While not stated specifically, Plaintiffs seem to allege that a Guaranty constitutes "goods and services" and the Guarantors' execution of the Guaranty in favor of Defendant HSCDC is a trade practice within the meaning of D.C. Code Ann., § 28-3904 (a)(6). See id.

In Counts Two and Three, Plaintiffs allege common law fraud and negligent misrepresentation, respectively, complaining that Defendants' material misrepresentations and omissions of fact caused injury to Plaintiffs and that Defendants intended for Plaintiffs to rely on their actions, which Plaintiffs did to their detriment. See id. at 17-18.

In Count Four, Plaintiffs allege a breach of contract and the covenant of good faith and fair dealing against all Defendants. See id. at 19. Plaintiffs allege that Defendants have violated "the terms of the parties' agreements, and Plaintiffs' reasonable expectations of Defendant's performance, support, and assistance...." See id. Finally, in Count Five, Plaintiffs allege that Defendants have been unjustly enriched at Plaintiffs' expense." See id. at 20. For the above violations, Plaintiffs seek to rescind the Franchise Agreement, Sublease, and Guaranty and enjoin all Defendants from continued violation of the CPPA. Plaintiffs also seek rescission, compensatory, consequential, and incidental damages as well and attorneys' fees and costs. See id.

## II. ARGUMENT

### A. Summary of Arguments

The five counts in Plaintiffs' Complaint all stem from the same basic allegation – that HSCDC along with the other Defendants withheld information regarding neighborhood opposition and zoning regulations in an effort to deceive Plaintiffs into entering into a Franchise Agreement, Sublease and Guaranty. Plaintiffs' arguments fail as a matter of law first and foremost because HSCDC – who has no privity with Plaintiffs – owes no duty to Plaintiffs. HSCDC executed no contracts with Plaintiffs and serve only as a beneficiary of the Sublease and the Guaranty executed by Plaintiffs.[2] Next, even if HSCDC owed a duty of care toward Plaintiffs, Plaintiffs' arguments still fail because Plaintiffs had an independent duty to investigate and comply with all laws relating to the property, including zoning laws. Finally, the actions of which Plaintiffs complain do not fall within the meaning of the CPPA. Allowing the sublease of property and acceptance of a Guaranty executed by merchants do not constitute consumer "goods and services" within the meaning of the CPPA.

### B. Standard of Review on Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and, therefore, the court must treat factual allegations as true and draw all reasonable inferences therefrom in plaintiffs' favor. Lockamy v. Truesdale, 182 F. Supp.2d 26, 31 (D.D.C. 2001) (citations omitted); see also In re U.S. Office Products Securities Litigation, 326 F. Supp.2d 68, 73-74 (D.D.C. 2004). The Court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations." See id.

---

[2] It is not clear from the Complaint if Plaintiffs allege that Defendant HSCDC's actions caused them to execute the Franchise agreement. Defendant HSCDC is not a party to the Franchise Agreement and is not a direct beneficiary of that agreement. As such, Plaintiffs' claims against HSCDC regarding the Franchise Agreement are even more tenuous.

### C. Arguments

*1.   Defendant HSCDC – a mere beneficiary to contracts executed by Plaintiffs – owes no duty to Plaintiffs.*

All five of Plaintiffs' claims against Defendant HSCDC fail as a matter of law because Defendant HSCDC owed no duty to inform Plaintiffs of anything. Plaintiffs allege in all five counts that HSCDC is liable for their damages because HSCDC failed to tell them that the Leased Premises was not zoned for use as a fast food restaurant such as Blimpie (Complaint at p.16) and that HSCDC had knowledge that there was neighborhood opposition to the use of the Leased Premises as a fast food restaurant based on the zoning of the Leased Premises. See id. Even if this Court accepts as true all of Plaintiffs well-pleaded factual statements, it is plain that Plaintiffs' five counts fail as a matter of law. It is fundamental contract law that a third party beneficiary does not sit in privity with the promisor and therefore has no duty toward the promisor. While a third party beneficiary has enforceable rights under a contract that inures to its benefit and may bring a claim against a promisor in the same manner that a promisee can, beneficiaries cannot be held liable for failing to act or for omissions. See Wagner v. Unites States, No. 03-1418C, 2006 WL 1707239, at *_ (Fed. Cl. Jun. 21, 2006) ("[f]irst, although parties to a contract incur an enforceable duty to an intended third-party beneficiary of the contract, the beneficiary makes no return promise and incurs no duties by virtue of the contract") (citation omitted). A third party beneficiary makes no promises and therefore owes no duty to the promisor. See Lewis v. Benedict Coal Corp., 361 U.S. 459 (1960) (noting that a third party beneficiary breached no duty to promisor since a third party beneficiary makes no promises). On this premise alone, Plaintiffs' five claims against Defendant HSCDC fail.

    2.    *Even if third party beneficiaries can owe a duty to a party to a contract, Plaintiffs' claims still fail as a matter of law.*

Even if third party beneficiaries are normally held to owe a duty to a promisor, Plaintiffs' claims would still fail because in this specific instance, Defendant HSCDC had no duty to speak since the Sublease, which incorporated the Lease, places the burden of investigating and complying with all laws, including zoning laws, on Plaintiffs. See Lease at p. 12, attached hereto as Exhibit B. Further, to the extent that the Leased Premises did not comply with the laws and regulations, the Lease and Sublease burden Plaintiff with "mak[ing] any and all changes or improvements to the Premises" required by applicable laws and regulations. See id. Defendant Blimpie Associates, Inc. and 2001 B.A. Realty, Inc. correctly support this position in their Memorandum of Law in Support of Blimpie Associates, Ltd. and 2001 B.A. Realty Inc.'s Motion for Summary Judgment (Blimpie's Motion for Summary Judgment") at Section II, pp. 14 – 20. In an effort to minimize repetition and unnecessary reading of similar arguments relating to Plaintiffs" fraud and negligent misrepresentation claims, Defendant HSCDC incorporates by reference and adopt the arguments stated therein.

Plaintiffs cannot be heard, either, to complain that Defendant HSCDC breached a contract or has been unjustly enriched. Plaintiffs fail to allege any contract to which HSCDC was a party or explain the benefit conferred on Defendant HSCDC for which it should re-pay. Further, the Lease and Sublease absolved Defendant HSCDC of any possible duty to inform Plaintiffs of any zoning issue, including issues regarding neighborhood opposition that may affect zoning. Without any wrongdoing on the part of Defendant HSCDC, Plaintiffs have no basis for recovery on a breach of contract or unjust enrichment theory.

Finally, even if Defendant HSCDC had a duty to inform Plaintiffs of zoning issues, Plaintiffs' allegations do not fall within the reach of the CPPA. Plaintiffs allege that Defendants

violated the CPPA solely because Defendants failed to inform Plaintiffs of zoning issues and neighborhood opposition – information of which had Plaintiffs been aware, they would not have entered into the Sublease and Guaranty for the Leased Premises. Plaintiffs claim that leasing the space is a consumer good or service and that the omissions constitute unfair trade practices within the meaning of the CPPA. Plaintiffs' contentions regarding the CPPA also fail as a matter of law. For the reasons stated earlier, Defendant HSCDC incorporates by reference and adopts the arguments stated in Blimpie's Motion for Summary Judgment at Section I, pp. 9-13.

## III.    CONCLUSION

Plaintiffs' five claims against Defendant HSCDC fail to state a claim upon which relief can be granted. Therefore, Defendant HSCDC respectfully requests that this Court dismiss all of Plaintiffs' claims against it.

Dated July 31, 2006

Respectfully submitted,

/s/ Paul J. Kiernan
Paul J. Kiernan (#385627)
HOLLAND & KNIGHT, LLP
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)

# 3864684_v1

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. 1:06-cv-00372-JR |
| v. ) | |
| ) | |
| BLIMPIE ASSOC. LTD, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ORDER

Upon consideration of Defendant HSCDC's Motion to Dismiss, any Opposition thereto, and the record herein, it is this ____ day of ___, 2006,

**ORDERED**, that the Motion be and hereby is **GRANTED**.

_____
JUDGE JAMES ROBERTSON

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served by first class mail, postage prepared on this 31st day of July, 2006 upon:

> Tarrant H. Lomax
> TARRANT H. LOMAX, ESQ., P.C.
> 4530 Wisconsin Avenue, N.W., #200
> Washington, D.C. 20016

_____
Paul J. Kiernan