UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANDAR RATNAM, ASHA CHANDAR,
and CHANS FOODS, INC.,

    Plaintiffs,

v.

BLIMPIE ASSOCIATES, LTD., 2001
B.A. REALTY, INC., D.C.B.G.,
INC., and H STREET COMMUNITY
DEVELOPMENT CORPORATION, INC.,

    Defendants.

CIVIL ACTION NO.
1:06-cv-00372-JR

### ANSWER OF DEFENDANT DCBG, INC.

Defendant DCBG, Inc., by its attorney and pursuant to the Federal Rules of Civil Procedure, in answer and defense to the allegations of the Plaintiffs Chandar Ratnam, Asha Ratnam and Chan's Foods, Inc., states as follows:

#### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

#### SECOND DEFENSE

The Plaintiffs have failed to join a necessary party.

#### THIRD DEFENSE

One or more Plaintiffs lack the capacity to sue.

#### FOURTH DEFENSE

1

RECEIVED
JUL 31 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

The Defendant generally denies liability to the Plaintiff.

### FIFTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of estoppel.

### SEVENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of laches.

### EIGHTH DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations.

### NINTH DEFENSE

The Plaintiffs' claims are barred in whole or in part by the failure to perform conditions precedent and/or necessary conditions precedent have not occurred.

### TENTH DEFENSE

The Plaintiffs' claims are barred because the Plaintiffs have materially and substantially breached its contract(s) and/or implied duties to one or more of the parties.

### ELEVENTH DEFENSE

The Plaintiffs' claims are barred by the doctrine of unclean hands.

### TWELFTH DEFENSE

The Plaintiffs' claims are barred in whole or in part by the

failure to mitigate damages.

### THIRTEENTH DEFENSE

The Plaintiffs' damages claimed were caused by Plaintiffs' own actions and/or inactions.

### FOURTEENTH DEFENSE

The Plaintiffs' claims are barred by set-off and/or recoupment.

### FIFTEENTH DEFENSE

In answer to the specific allegations of the Complaint, DCBG, Inc.:

A.  Admits the allegations of Paragraphs Numbered 4 and 27.

B.  Denies the allegations of Paragraphs Numbered 11, 24, 49, 60, 63, 65, 66, 67, 68, 70, 71, 72, 74 and 75, and demands strict proof thereof.

C.  Being without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs Numbered 2, 3, 5, 12, 13, 14, 16, 17, 23, 25, 26, 30, 33, 34, 38, 39, 40, 412, 42, 43, 44, 46, 47, 48, 58, 61 and 62, denies the same and demands strict proof thereof.

D.  Is not required to answer the jurisdictional allegations of Paragraphs 6, 7, 8, 9 and 10.

E.  Referring to the allegations of Paragraph 1, deny that Plaintiffs Chandar Ratnam and Asha Chandar "signed, through Chan's Foods" and demand strict proof thereof; admits the

3

remaining allegations of Paragraph 1.

F.   Referring to the allegations of Paragraphs 16, 22, 28, 29, 31, 32, 35, 37 and 45, admits to the existence of the document referred to therein but relies upon the express terms and conditions as to its meaning and interpretation. Being without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of those Paragraphs, denies the same and demands strict proof thereof.

G.   Referring to the allegations of Paragraphs 18, 19, 20 and 21, admits that a meeting took place on June 12, 2002, that was reported in the local press. Being without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of those Paragraphs, denies the same and demands strict proof thereof.

H.   Referring to the allegations of Paragraph 36, admits that Chan's Foods, Inc. advised Jeffrey Garner that an objection had been filed by the ANC but denies the remaining allegations of that Paragraph, and demands strict proof thereof.

I.   Referring to the allegations of Paragraphs 50, 59, 64, 69 and 73, incorporates by reference its answers to the specific paragraphs re-alleged and incorporated by reference therein.

J.   Referring to the allegations of Paragraphs 51, 52, 53, 54, 55, 56 and 57, admits the existence of D.C. Code Annotated, Section 28-3904 and Section 28-3905, but relies on the express

4

terms and conditions of those provisions, and the judicial interpretations thereunder, as to their meaning and interpretation.

K.   Denies each and every allegation not expressly admitted herein and demands strict proof thereof.

WHEREFORE, Defendant DCBG, Inc. respectfully requests that this matter be dismissed and that it have its costs and reasonable attorneys' fees.

*Tarrant H. Lomax*
Tarrant H. Lomax (961409)
Tarrant H. Lomax, Esq., P.C.
1819 Bay Ridge Avenue, Suite 220
Annapolis, MD 21403
Phone: 202.253.8923
Fax: 707.313.7020
Email: tarrantlomax@abanet.org

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of July, 2006, I served a copy of the foregoing pleading by electronic delivery on:

Joseph Horn, Esq.
HORN LEGAL, PLLC
1730 Rhode Island Avenue, Suite 1208
Washington, D.C. 20036
joseph@josephhorn.com

Scott Korzenowski, Esq.
William S. Fulton, Jr., Esq.
DADY & GARNER, P.A.
4000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
sekorzenowski@dadygarner.com
wfulton@dadygarner.com

Arthur Pressman, Esq.
Gregg Rubenstein, Esq.
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
apressman@nixonpeabody.com
grubenstein@nixonpeabody.com

Christopher Wallace, Esq.
NIXON PEABODY LLP
401 9th Street, N.W., Suite 900
Washington, DC 20004
cwallace@nixonpeabody.com

Paul J. Kiernan, Esq.
Roxan A. Kerr, Esq.
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
paul.kiernan@hklaw.com
roxan.kerr@hklaw.com

*Tarrant H. Lomax*
———————————————
Tarrant H. Lomax