IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>BLIMPIE ASSOC. LTD, et al. )<br>)<br>Defendants. )<br>_____) | Civil Action No. 1:06-cv-00372-JR |

**H STREET COMMUNITY DEVELOPMENT CORPORATION'S OPPOSITION TO
DEFENDANTS' CROSS MOTION TO DISMISS FRAUDULENTLY JOINED PARTIES**

I.  STATEMENT OF THE CASE

  A.  Facts of the Case[1]

The issues involved in this case arise from a Lease Agreement (the "Lease") executed on August 26, 2002, between Defendant H Street Community Development Corporation ("HSCDC") as Landlord and 2001 B.A. Realty, Inc. (d/b/a Blimpie) as Tenant for space located at 777 H Street, N.E., Washington, D.C. (the "Leased Premises"). The Lease allowed 2001 B.A. Realty to not only sublease the entire Leased Premises but to replace any subtenant at its discretion. See Lease at p. 25, attached hereto as Exhibit A. According to the express provisions of the Lease, Defendant HSCDC could not unreasonably withhold its consent to 2001 B.A. Realty's replacement of the subtenant if certain conditions were met – one of which called for "the proposed subtenant [to] execute[] and deliver[] to Landlord its guaranty of this Lease, in the form of the Guaranty." See id. The Lease also stated in no uncertain terms that "Tenant shall comply with any and all laws and regulations, including but not limited to zoning laws and the

---

[1] The "Facts of the Case" section is substantially the same as that stated in Defendant HSCDC's Motion to Dismiss filed with this Court on July 31, 2006.

ADA, applicable to the Premises, or to Tenant's use of the Premises, or to Tenant's use of the Common Areas. See id. at p.12. Further the Lease burdened the Tenant with "mak[ing] any and all changes or improvements to the Premises" required by the above laws and regulations. See id.

On April 28, 2004, 2001 B.A. Realty, Inc. and Chans Foods, Inc. executed a Sublease for the Leased Premises, which incorporated by reference all the terms of the Lease.[2] See Sublease at p. 1 attached to the Complaint as Exhibit B. On the same day, Chans Food, Inc. executed a Franchise Agreement with Blimpie Associates, Ltd. and Chandar Ratnam and Asha Chandar executed a Guaranty in favor of Defendant HSCDC as required by the Lease and Sublease. Following execution of the above mentioned documents, Plaintiffs took possession of the Leased Premises, began construction, and soon thereafter applied for and received a certificate of occupancy. On May 22, 2004, Plaintiffs opened for business at the Leased Premises.

On October 12, 2004, however, after notifying Plaintiffs that an objection had been filed regarding their certificate of occupancy, the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") held a hearing on whether the certificate was issued in error. The DCRA found that the certificate was indeed issued in error and revoked the certificate of occupancy. Plaintiffs, however, did not appeal the DCRA's Order or modify its business operations at the Leased Premises to comply with the applicable zoning laws and regulations. Instead, Plaintiffs opted to cease business operations at the Leased Premises in violation of its Sublease.

---

[2] 2001 B.A. Realty, Inc. had initially executed a Sublease for the Leased Premises with Munni Enterprises, Inc. ("Munni") whose principal, Nizam M. Ali, had initially executed a Guaranty in favor of Defendant HSCDC. On or around April 28, 2004, Munni and Chans Foods, Inc. executed an Assignment and Assumption of Sublease, which transferred Munni's rights in the Leased Premises to Chans Foods, Inc.

### B.    Procedural History

On December 22, 2005, HSCDC filed two complaints for possession in the Landlord and Tenant Branch of the Superior Court for the District of Columbia in connection with the Leased Premises – one against the Tenant, 2001 B.A. Realty, Inc., and one against the Sub-tenant, Chans Foods, Inc. On January 19, 2006, the Court, in H Street v. 2001 B.A. Realty, Inc., L&T No. 045524-05, entered a default judgment of possession against 2001 B.A. Realty for its failure to appear at the initial hearing. That case is still pending before the Landlord-Tenant Division of the Superior Court on the remaining issues.

On January 18, 2006, Chans Foods – the defendant in H Street v. Chans Foods, Inc., L&T No. 045523-05, filed Defendants' Answer to Complaint for Possession of Real Estate containing six affirmative defenses as well as three counterclaims for setoff or recoupment against HSCDC. Chans Foods, Inc. also filed a Motion to Dismiss the Complaint.

In further response to HSCDC's complaint for possession, Chans Foods, Inc. along with Chandar Ratnam and Asha Chandar (the "Guarantors") filed a complaint in the Civil Division of the Superior Court for the District of Columbia raising, *inter alia*, a violation of the D.C. Consumer Protection Act, breach of contract, negligent misrepresentation, and common law fraud. See Notice of Removal at ¶¶ 14-17. On February 27, 2006, HSCDC and Chans Foods filed, in the Landlord and Tenant case, a Stipulation of Possession and Joint Motion to Transfer Case to the Civil Division of Superior Court, which was granted. While Chans Foods and HSCDC discussed consolidating the newly transferred Landlord and Tenant case to the case pending in the Superior Court, Co-Defendants Blimpie's, 2001 B.A. Realty, and DCBG removed the case to this Court. Defendant HSCDC and Plaintiffs moved to remand this case back to Superior Court. Defendants Blimpie Associates, Ltd., 2001 B.A. Realty, Inc. and DCBG ("Removing Defendants") argued that the case should not be remanded because Defendant

3

HSCDC and Plaintiffs Chandar Ratnam and Asha Chandar (the "Guarantors") were fraudulently joined to defeat this Court's jurisdiction.

On April 26, 2006, following oral arguments from all parties, this Court, denied Defendant HSCDC's and Plaintiffs' motions to remand and retained jurisdiction of the case. Defendants Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc. now seek to dismiss Defendant HSCDC and the Guarantors from the case by filing their Opposition to Plaintiffs' Motion for Reconsideration and Cross-Motion to Dismiss Fraudulently Joined Parties ("Blimpie's Cross-Motion"). Defendant HSCDC now files its Opposition to Blimpie's Cross-Motion.

## II. ARGUMENT

### A. This Court Made No Finding That Defendant HSCDC Was Fraudulently Joined.

Defendants Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc. argue that Defendant HSCDC should be dismissed from this case because where the court finds that parties have been fraudulently joined, "they should be dismissed after adjudication of their motion to remand." See Blimpie's Cross-Motion at p. 10.  Contrary to Defendants' argument, however, this court made no finding that Defendant HSCDC was improperly joined.  In denying Defendant HSCDC's motion to remand, this court stated in open court that while the Court was inclined to remand the case to the Superior Court, it believed the defendants (particularly Defendant Blimpie) would appeal the remand thus extending the time it would take for resolution of this matter.  This Court retained jurisdiction of this matter in an effort to allow the parties to settle the case through mediation and made no finding that Defendant HSCDC and/or the Guarantors were fraudulently joined.

4

### B. Defendant HSCDC Has A Substantial Interest In The Outcome Of This Case That Defeats Defendants' Fraudulent Joinder Argument.

While H Street does not believe that Plaintiffs will prevail on their arguments seeking to upset the Sublease or the Guaranty, it does not believe that it was fraudulently joined. A party defeats a fraudulent joinder argument by a showing that it has a substantial stake in the outcome of the case. The court in Getty Oil Corp. v. Insurance Co. of North America, 841 F.2d 1254 (5th Cir. 1988), made that exact finding. Under a contract between Getty and NL, NL agreed to indemnify Getty for damages arising from NL's performance under the contract but not for damages arising from Getty's sole negligence. See id. at 1256. NL also agreed to maintain insurance with insurers acceptable to Getty.[3] Subsequent to the execution of the contract, a barrel of chemicals manufactured and supplied by NL exploded on one of Getty's oil wells killing a Getty's worker. See id. The worker's survivors brought a wrongful death suit against Getty and NL. Getty cross-claimed against NL for contribution and indemnification. See id. After a trial on the issues, the jury found Getty alone liable and the trial court entered judgment against Getty and its parent company, Texaco[4], for $28,000,000. The court also denied Getty's cross-claim against NL. Getty appealed the denial of its cross-claim but the appellate court affirmed the lower court's decision. See id.

Subsequently, Getty filed an insurance claim against NL's insurers, INA and Companies Collective, both of whom refused to honor the claim. Getty and Texaco then sued NL, INA, and Companies Collective in state court. The defendants filed a petition to remove the case to district court and Getty moved to remand the case stating the case lacked complete diversity. See id. at 1257. Without ruling on the jurisdictional issues before the court, the court

---

[3] NL's insurers included INA and Companies Collectives.
[4] Texaco was not a party to an insurance contract between Getty and NL.

subsequently dismissed Getty's suit on the merits and granted the defendants' motions to dismiss. See id.

On appeal, Getty argued that the district court erred by entering final judgment without first determining whether it had jurisdiction. See id. at 1257. Getty contended that the court lacked subject matter jurisdiction because the parties lack complete diversity due to the fact that Texaco's principal place of business was the same as NL's. See id. NL claimed that Texaco should not be considered in determining diversity jurisdiction because Texaco was not a proper party. The Fifth Circuit noted that in removal cases involving allegations of fraudulent joinder, the removing party has the burden of proving the alleged fraud. See id. at 1259. The Court held:

> In this case, we determine that these burdens have not been met, and we therefore conclude that the district court erred by failing to address the important jurisdictional issues before reaching the merits of the case. First, the defendants-appellees have failed to conclusively demonstrate that Texaco is not a real party in interest or that it was fraudulently joined in an effort to defeat jurisdiction. As Getty correctly points out, the state court in [the previous case] entered a $28,000,000 judgment against both Getty and Texaco; thus it seems that Texaco may in fact have a substantial interest in this case.

See id. at 1260. As such, the court vacated the judgment below and remanded the case to the district court to address the jurisdictional issues raised. See id.

Similarly here, Defendant HSCDC has a substantial interest in this case that defeats Defendants' fraudulent joinder argument. The Sublease and Guaranty that Plaintiffs seek to rescind inures to Defendant HSCDC's benefit. A rescission of those contracts may have a significant impact on Defendant HSCDC's ability to collect the amounts due and owing to it. Defendant HSCDC has a substantial interest in this case that is not properly protected by any of the other parties in this case. Indeed, Plaintiffs as well as Defendants (excluding Defendant

DCBG) are jointly and severally liable for Defendant HSCDC's damages.[5] Should this Court dismiss Defendant HSCDC from this case, Defendant HSCDC's interests will be unprotected.

## III. CONCLUSION

Defendant HSCDC respectfully requests that Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc.'s Opposition to Plaintiffs' Motion for Reconsideration and Cross-Motion to Dismiss Fraudulently Joined Parties be denied.

Dated August 3, 2006

Respectfully submitted,

*/s/ Paul Kiernan*

Paul J. Kiernan (#385627)
HOLLAND & KNIGHT, LLP
2099 Pennsylvania Ave., N.W.
Suite 100
Washington, D.C. 20006
(202) 663-7276 (phone)
(202) 955-5564 (facsimile)

# 3945223_v1

---

[5] Defendant HSCDC intends to file counterclaims against Plaintiffs and cross-claims against Defendant B.A. Realty, Inc. for unpaid rent and fees pertaining to the Leased Premises. Defendant HSCDC has not filed the claims as yet because this Court ordered Defendants to file dispositive motions.

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHANDAR RATNAM et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BLIMPIE ASSOC. LTD, et al. ) <br> ) <br> Defendants. ) <br> _____ ) | Civil Action No. 1:06-cv-00372-JR |

**ORDER DENYING DEFENDANTS' CROSS-MOTION TO DISMISS
FRAUDULENTLY JOINED PARTIES**

Upon consideration of Defendants' Blimpie Associates, Ltd. and 2001 B.A. Realty, Inc.'s Opposition to Plaintiffs' Motion for Reconsideration and Cross-Motion to Dismiss Fraudulently Joined Parties, any Opposition thereto, and the record herein, it is this ____ day of ___, 2006,

**ORDERED**, that the Cross-Motion be and hereby is **DENIED**.

_____
JUDGE JAMES ROBERTSON

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served by first class mail, postage prepared on this 3rd day of August, 2006 upon:

>Tarrant H. Lomax
>TARRANT H. LOMAX, ESQ., P.C.
>4530 Wisconsin Avenue, N.W., #200
>Washington, D.C. 20016

/s/ Paul J. Kiernan
Paul J. Kiernan