UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHANDAR RATNAM, *et al.*,      :
                               :
    Plaintiffs,           :
                               :
  v.                           : Civil Action No. 06-0372 (JR)
                               :
BLIMPIE ASSOCIATES LTD., *et al.*, :
                               :
    Defendants.           :

### MEMORANDUM ORDER

    This case began as a landlord-tenant dispute between H Street Community Development Corporation, Inc. (HSCDC) and Chans Foods. From these humble beginnings, it has morphed into this complaint by Chans and its individual shareholders, Chandar Ratnam and Asha Chandar, against the fast-food chain Blimpie Associates, Ltd., 2001 B.A. Realty, Inc., an entity called D.C.B.G., Inc., and HSCDC. The complaint alleges several state-law claims, including a violation of the D.C. Consumer Protection Procedures Act (DCCPA), D.C. Code §§ 28-3901 et seq., common law fraud, negligent misrepresentation, breach of contract and the covenant of good faith and fair dealing, and unjust enrichment.

    The case was initially filed in Superior Court, where the original landlord-tenant dispute between Chans Foods and HSCDC remains, but Blimpie, 2001 B.A. Realty, and D.C.B.G. ("Blimpie defendants"), alleging diversity jurisdiction and acting without the consent of HSCDC, removed it to this court. Plaintiffs have challenged the jurisdiction of this court because

Chandar Ratnam and Asha Chandar share Virginia citizenship with D.C.B.G., and Chans Foods shares D.C. citizenship with HSCDC. The Blimpie defendants counter that HSCDC and the individual plaintiffs were fraudulently joined and should not be considered in the jurisdictional analysis. HSCDC, although agreeing with the Blimpie defendants on the merits of plaintiffs' claims, does not believe that it was fraudulently joined, did not consent to the removal, and has moved to remand.

Resolution of the jurisdictional question in this case requires an analysis of the DCCPPA (as it relates to HSCDC) and D.C. corporate law (as it relates to the individual plaintiffs). If jurisdiction were asserted, adjudicating the merits would require further inquiry into the applicability of the DCCPPA to the Blimpie defendants as well as a host of state common law claims. All the while, the claims between plaintiffs and HSCDC, both common law and landlord-tenant, would have to proceed separately in Superior Court, since dismissal of HSCDC is a prerequisite for federal jurisdiction.

When a case involves an important local regulatory scheme or policy, and adequate judicial review is available at the local level, a federal court may decline jurisdiction under Buford v. Sun Oil, 319 U.S. 315 (1945). Moreover, the Colorado River doctrine counsels abstention when "wise judicial administration" favors proceeding in the local forum. The

factors included in that calculus are "the inconvenience of the federal forum, the order in which the courts assumed jurisdiction, the desirability of avoiding piecemeal litigation, whether federal or state law controls and whether the state forum will adequately protect the interests of the parties." Handy v. Shaw, Bransford, Veilleus & Roth, 325 F.3d 346, 353 (D.C. Cir. 2003). Although the convenience of the federal forum is not an issue here, all of the other aspects of this case favor Buford and Colorado River abstention. There are no federal questions. The case originated in the local forum. Local D.C. laws, including important issues involving D.C.'s consumer protection policy, dominate the case. Proceeding in federal court would, by necessity, split this case into separate pieces, producing parallel proceedings with potentially conflicting outcomes.

    Accordingly, prudence dictates that I abstain from asserting jurisdiction without deciding whether it might have been exercised. HSCDC's motion to remand [7] is **granted**, and this case is hereby remanded to the Superior Court of the District of Columbia.

    It is **SO ORDERED**.


                                       JAMES ROBERTSON
                            United States District Judge